## COMMONWEALTH *vs.* CHARLES GILLON.

If an offence, of which police courts and trial justices have general jurisdiction, is committed within one hundred rods of the dividing line between two counties, police courts and trial justices in either county have jurisdiction to entertain and try a complaint therefor, under Gen. Sts. *c.* 171, § 17.

If an offence is committed within one hundred rods of the dividing line between two counties, a complaint therefor to a police court or trial justice, in the county adjoining that in which the offence was committed, may allege, under Gen. Sts. *c.* 171, § 17, that it was committed within the county in which the prosecution is instituted.

COMPLAINT charging the defendant with a single sale of intoxicating liquor to James McCormick, at Milford, in the county of Worcester. The defendant was convicted before the police court of Milford; and at the trial, on his appeal, in the superior court, evidence was introduced, under objection, tending to prove a sale of intoxicating liquor to McCormick, at Holliston, in the county of Middlesex, but within one hundred rods of the boundary line between the counties of Worcester and Middlesex; and *Wilkinson*, J. instructed the jury that, upon this evidence, it was competent for them to find a verdict of guilty, which they accordingly did. The defendant alleged exceptions.

*H. B. Staples*, for the defendant, cited Gen. Sts. *c.* 86, §§ 32, 58; *c.* 116, §§ 12, 13; *c.* 120, § 36; *c.* 158, § 3; *c.* 171, § 17; *c.* 172, § 19; 7 Dane Ab. *c.* 218, art. 4, § 3; *Commonwealth* v. *Phillips*, 16 Pick. 211; *Commonwealth* v. *Griffin*, 21 Pick. 523; *The State* v. *Cotton*, 4 Fost. (N. H.) 143; *Manley* v. *The People*, 3 Selden, 295.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. The question whether the police court of Milford had jurisdiction of the offence here proved, the act having been committed in the county of Middlesex, but within one hundred rods of the boundary line of the county of Worcester, depends upon the construction to be given to Gen. Sts. *c.* 171, § 17. The language of that statute is copied from that found in Rev. Sts. *c.* 133, § 7. It is thus: " An offence committed on the boundary of two counties, or within one hundred rods of the dividing line

between them, may be alleged in the indictment to have been committed, and may be prosecuted and punished in either county." The objection to the jurisdiction arises from the use of the word " indictment " as here found. It is urged, on the part of the defendant, that such jurisdiction exists only where the proceedings are by indictment, and that inasmuch as no such indictment could be found in any police court, the police court of Milford could not entertain jurisdiction of the case.

Upon looking at the notes of the commissioners on the revision of the statutes, in 1835, at whose suggestion this provision was first introduced into the Revised Statutes, we find no evidence that they intended any such distinction between proceedings by indictment and by complaint. It was reported by them as an extension of a provision that had been long in existence, in reference to certain boundary lines between Suffolk and Middlesex. *St.* 1794, c. 31, [29.]

The purpose of this enactment being to secure the full operation of our criminal laws, and more effectually to enforce punishment for the breach thereof, by avoiding embarrassing questions of the precise limits or boundaries of county lines, or a possible conflict of testimony whether the act complained of was perpetrated within the established limits of the county in which the trial was had, or at some short distance without those limits, although substantially on the boundary line, would require its application to cases heard and tried before police courts, and trial justices, as well as to proceedings by indictment in the higher courts. The language of the statute certainly might have been made more distinct and certain, by the use of the phraseology found in the report of a Penal Code, in 1844, by the commissioners appointed for that purpose, where the proposed enactment on this subject was thus: " A crime committed within one hundred rods of the boundary of two counties may be prosecuted in either of such counties." Report of a Penal Code, 1844, *c.* 3, § 5. No action was had upon this report, and the language introduced by Rev. Sts. *c.* 133, § 7, still exists as the legislative provision on this subject. But we think the same purpose was intended in both cases, and the word " indictment "

was not introduced into the section with the intention to exclude the case of prosecution by complaint; and the further provision, that the offence in such case " may be punished and prosecuted in either county," extends the enactment as to jurisdiction as well to criminal offences punishable by a police court or a trial justice, as to courts in which indictments may be found.

It was, however, further urged against sustaining the jurisdiction of police courts and trial justices, that by other provisions of the General Statutes their jurisdiction is limited to their respective counties. This may be so; but it is equally true that independent of Gen. Sts. c. 171, § 17, or other provisions of like character in other parts of the statutes, the higher criminal courts, when holden for a particular county, are limited in their jurisdiction to offences committed within such county.

In the opinion of the court, the police court of Milford had jurisdiction of the offence charged upon the defendant, if it appeared to have been committed within one hundred rods of the dividing line between the counties of Worcester and Middlesex.

The only remaining question is as to the form of the complaint required in such case. It is insisted, on the part of the defendant, that the proper and legal form in such cases would require an allegation corresponding to the facts, and that it should set forth as the place of the commission of the offence, that it " was on the boundary line of the counties of Worcester and Middlesex, and within one hundred rods of the dividing line between them." We think this is an erroneous view of the effect of the statute. It was not the purpose of this provision in any respect to change the form of the complaint or indictment for the offence, but to avoid the escape of criminals from punishment when put on their trial, by any possible question that might arise in the case, either as to the exact locality in which the offence was committed, or as to the precise line dividing two adjacent counties. The criminal act charged is to be fully proved; but, that being established, the guilty party is not permitted to escape by objections of the character above stated, if the crime was committed within one hundred rods

of the true boundary of the county in which the same is prosecuted.

The result is, therefore, that the evidence objected to was properly admitted, and the police court of Milford had jurisdiction of this offence.                    *Exceptions overruled.*