## THE PEOPLE v. PHILIP S. HAMILTON.

*Criminal law—Information for resisting an officer.*

An *information* for resisting an officer while attempting to preserve the peace, which fails to inform the respondent of the acts or facts constituting the offense, or of the acts of the officer which the respondent obstructed, or in what manner the resistance was made, charges no offense

Exceptions from Luce. (Steere, J.) Argued June 27, 1888. Decided July 11, 1888.

Respondent was convicted of resisting an officer. Conviction set aside and respondent discharged. The facts are stated in the opinion.

*Brown & Packard,* for respondent, contended:

1. It is no more allowable under the statutory charge to put the defendant on trial without specification of the offense than under a common-law charge; citing *Bonneville v. State,* 53 Wis. 680 ; *Seuer v. State,* 59 Id. 472; *Peters v. State,* 66 Id. 339; *People v. Murray,* 52 Mich. 288; *People v. Minnock,* Id. 628; *People v. Heffron,* 53 Id. 527.

2. A charge of a breach of the peace, and nothing more, is no definite charge, and the arrest leads to no trial, and would be within the mischief of *Hibbard v. People,* 4 Mich. 125; *Robison v. Miner,* 68 Id. 549.

*Moses Taggart,* Attorney General, and *S. N. Dutcher,* Prosecuting Attorney, for the people, contended :

1. A statutory offense is sufficiently described in the words of the statute ; citing *People v. Kent,* 1 Doug. 42 ; *Rice v. People,* 15 Mich. 1 ; *Hess v. State,* 5 Ohio, 5 ; How. Stat. § 9539.

2. Whenever a statute creates an offense, and expressly provides a punishment, the statutory provisions must be strictly followed; citing Whart. Cr. Law, § 371 ; *People v. Stevens,* 13 Wend. . 341 ; *People v. Hislop,* 77 N. Y. 331.

3. The duties of a peace officer commence with an attempt to pacify those about to break the peace ; citing 1 Chitty, Crim. Law, 17 ; and he may arrest without warrant for a breach of the peace committed in his presence ; citing *Way's Case,* 41 Mich. 304 ; *People v. Rounds,* 67 Id. 482 ; which last case fully supports the information in this case.

4. The law presumes that an officer correctly performs his duty ; citing *Perkins v. Nugent,* 45 Mich. 157 ; *Sinclair v. Learned,* 51 Id. 335.

5. A failure to prosecute after an arrest for a breach of the peace cannot avail as a defense to the respondent if guilty of resisting the officer who made it ; citing *Davis v. Burgess,* 54 Mich. 518.

6. The use of grossly indecent, profane, and abusive language toward another person upon the public street, and in the presence of others, is a breach of the peace ; citing *Davis v. Burgess,* 54 Mich. 518.

SHERWOOD, C. J. The respondent in this case was informed against for resisting a constable in the township ·of McMillan, on June 20, 1887, who was at the time

alleged to have been engaged in the effort to maintain,
preserve, and keep the peace. He was tried in the circuit
court for the county of Luce, before Judge Steere with a
jury, and was convicted.

The following is a copy of the information in the case:

"Sanford N. Dutcher, prosecuting attorney in and for
the county of Luce aforesaid, for and in behalf of the
people of the State of Michigan, comes into said court in
the July term thereof, in the year 1887, and gives the court
here to understand and be informed that Philip S. Ham-
ilton, late of the township of McMillan, in the county
aforesaid, heretofore, to wit, upon the 20th day of June,
A. D. 1887, at the township of McMillan, in the county
of Luce, aforesaid, did knowingly and willfully obstruct,
resist, and oppose a certain constable of the township of
McMillan, and of the county aforesaid, to wit, William T.
Crocker, a person authorized by law to maintain and pre-
serve the peace, in his lawful act, attempt, and effort to
maintain, preserve, and keep the peace, against the form
of the statutes in such case made and provided, and
against the peace and dignity of the people of the State
of Michigan."

When the cause was called for trial, counsel for defend-
ant objected to the sufficiency of the information, and
asked that it be quashed for the reason it contained no
statement of any offense. The court refused this request,
and counsel excepted to the ruling.

The prosecution called as a witness William T. Crocker.
Defendant's counsel then objected—

"To the introduction of any testimony under the infor-
mation for the following reasons:

"1. The information charges no offense known to the
law.

"2. The information contains no allegation of any breach
of the peace.

"3. The information contains no statement of facts
constituting any specific offense."

The court overruled the objection, and defendant's coun-
sel excepted.

We think both these exceptions were well taken, and it is unnecessary to consider the other questions argued. The information alleges no acts of the defendant or facts constituting the offense; neither does it give us any idea of the acts of the officer at the time he alleges the respondent obstructed him, or in what manner the respondent made the resistance. Of these things the respondent should have had some information, before he could be legally called upon to make answer to a criminal charge. Conclusions will not be allowed to take the place of facts in an information charging the respondent with crime.

The conviction in this case must be set aside; and, as the information charges no crime against the respondent, he must be discharged.

The other Justices concurred.