PEOPLE *v*. MEYER.

1. INDICTMENT AND INFORMATION—AMENDMENT—VARIANCE— STAT-UTES.

In a prosecution for larceny, where the information alleged that the stolen goods were the property of a corporation, but upon the trial the proof showed that the ownership was in a copartnership, it was proper for the court to allow an amendment of the information, under 3 Comp. Laws 1915, § 15749, defendant being in no way prejudiced, claimed no surprise or unpreparedness, and asked no continuance.

2. SAME—AMENDMENT—CONSTITUTIONAL LAW.

Said section is not in violation of section 19, Art. 2, of the Constitution, guaranteeing to the accused the right to be informed of the nature of the accusation against him.

Error to superior court of Grand Rapids; Dunham, J. Submitted October 17, 1918. (Docket No. 111.) Decided December 27, 1918.

John Meyer was convicted of larceny and sentenced to imprisonment for not less than 2½ years nor more than 5 years in the State prison at Jackson. Affirmed.

*Ward & Moore,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney, and *Bartel J. Jonkman,* Assistant Prosecuting Attorney (*Fred P. Geib,* of counsel), for the people.

FELLOWS, J. Defendant was charged in the information with the larceny in the daytime in the store of the Herpolsheimer Company of enumerated personal property of the Herpolsheimer Company of the value of $267.50. It was alleged in the information that the Herpolsheimer Company was a corporation. Upon the trial it developed that the Herpolsheimer

Company was a copartnership, composed of William G. Herpolsheimer and Henry B. Herpolsheimer, as trustee. The trial court, over defendant's objection, permitted the prosecuting attorney to amend the information by alleging the ownership of the property to be in William G. and Henry B. Herpolsheimer as copartners. By seasonable objection, motion for directed verdict and motion in arrest of judgment, defendant questions the validity of this action. It is the only question raised.

The information on its face was in no way defective. The property stolen was the property of the Herpolsheimer Company and was so alleged. The variance between the allegation of the information and the proof consisted in the fact that the Herpolsheimer Company was a copartnership, not a corporation. The variance therefore consisted in the description of the person or body stated to be the owner of the property stolen. Section 15749, 3 Comp. Laws 1915, provides:

"Any court of record in which the trial of an indictment is had, may forthwith allow amendment in case of variance between the statement in the indictment on which the trial is had, and the proof in the following cases: In the names of any county or place stated in the indictment, in the name or description of any person or body stated to be the owner of any property which is the subject of the offense charged, or alleged to have been injured by the commission of the offense, or the Christian or surname of any person, the name or description of any thing, the name or description of any writing, as well records as others, or the ownership of any property described in the indictment, and in all cases whenever the variance between the facts alleged in the indictment, and those proved by the evidence, are not material to the merits of the case."

The language of the statute is unambiguous and under it the amendment was properly allowed. *People* v. *Courtney*, 178 Mich. 137; *People* v. *Brown*, 110

Mich. 168; *People* v. *Price,* 74 Mich. 37. We can conceive of no case more appropriate for the application of this statute than the instant one. Defendant was in no way prejudiced by the amendment; he claimed no surprise or unpreparedness to meet the case made by the amendment; asked no continuance, and relies solely upon this objection to escape a merited conviction.

Nor are we able to perceive in what manner section 19, article 2, of the Constitution, guaranteeing to the accused the right to be informed of the nature of the accusation against him, has been offended by this statute of amendments—a procedural statute, a statute enacted in the furtherance of the due administration of the criminal law.

The conviction is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.