PEOPLE *v.* THOMPSON.

1. RAPE—SUFFICIENCY OF EVIDENCE.
   In prosecution for rape, evidence *held*, to justify verdict of guilty.

2. CRIMINAL LAW—VENUE—JURISDICTION—ADMISSIONS—STATUTES.
   In prosecution for rape alleged to have been committed in automobile stopped by roadside, exact location of which was uncertain, admission by defendant's counsel that automobile was stopped few rods from county line largely removed said uncertainty and court had jurisdiction under 3 Comp. Laws 1929, § 17121, notwithstanding offense was committed just across line in adjoining county.

3. SAME—INDICTMENT AND INFORMATION—VARIANCE NOT FATAL WHERE NOT PREJUDICIAL.
   Statement in information that offense was committed in city, while in fact it was committed out in country, was not fatal variance under 3 Comp. Laws 1929, § 17354, where no one was misled thereby.

As to proof of *corpus delicti* in prosecution for rape, see annotation in 68 L. R. A. 56, 70, 71, 73; L. R. A. 1916B, 747.

4. SAME—REBUTTAL WITNESS—INDORSING NAME ON INFORMATION.
  Admission of testimony by rebuttal witness whose name had not
    been indorsed on information when trial began was not error.

Error to Oakland; Covert (Frank L.), J. Submitted April 16, 1931. (Docket No. 147, Calendar No. 35,201.) Decided October 5, 1931.

Warriner Thompson was convicted of rape. Affirmed.

*Frederick J. Plotts* and *Carl A. Braun,* for appellant.

*Paul W. Voorhies,* Attorney General, *M. M. Larmonth,* Assistant Attorney General, and *Clarence L. Smith,* Prosecuting Attorney (*Herman B. Selden,* of counsel), for the people.

BUTZEL, C. J. Warriner Thompson, respondent, of Royal Oak, Michigan, was convicted of rape. He was a plumber by trade and also worked at the firehouse. Prosecutrix had met him while he was doing work on a house being constructed for her husband. She was happily married. Her husband worked on the first night shift at an automobile factory and she at a restaurant. They both were in their early twenties and lived at the home of her brother-in-law.

At about 8:30 p. m. of August 26, 1927, respondent saw her as she was returning home from work. He was in his automobile, a coach, which also had front seats that were separated and could be turned down. He stopped his car, and, stating that he was going in the direction of her home, invited her to ride there. There is a conflict of testimony as to whether she consented to his driving past the street where she lived.

The city of Royal Oak is in the township of the same name, and situated in the most southeasterly section of Oakland county. The easterly limits of the city are not far from the Dequindre road, which is the easterly line of the township of Royal Oak, and also the dividing line between Oakland and Macomb counties. Respondent drove has car past the Dequindre road onto the Ryan road, one mile east thereof, then traveled on the Ryan road for a few miles, then returned over one of the cross roads to the Dequindre road and drove a considerable distance on the two main roads and the side roads running at right angles with them. At some dark place between the Ryan and Dequindre roads respondent stopped his car, forced prosecutrix to the rear seat, and committed the crime.

The testimony of the complainant's witness, corroborated by the doctor who examined her and by the lieutenant of the fire department who swore that respondent admitted using force, justified the verdict of the jury.

It is quite evident that respondent was convicted in Oakland county for a crime committed in Macomb county. It is impossible to tell from the testimony just the exact place where the car was stopped and the crime took place. The uncertainty, however, is largely removed by the admission of respondent's attorney, who, in his opening argument, stated that the car was stopped a few rods from the county line. This would be within 100 rods of the county line, and under 3 Comp. Laws 1929, § 17121, proceedings against respondent could be brought in either county. The prosecutor claimed jurisdiction under 3 Comp. Laws 1929, § 17127, the constitutionality of which is attacked by respondent's attorney. We

need not discuss this question as it was not timely raised. No objection was made to the venue until after the judgment of conviction.

Section 17259, 3 Comp. Laws 1929, provides:

"The indictment or information shall contain:

"1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged;

"2. The time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense.

"3. That the offense was committed in the county or within the jurisdiction of the court. But no verdict shall be set aside or a new trial granted by reason of failure to prove that the offense was so committed unless the accused have raised such question before the case is submitted to the jury."

Objection is made to the fact that the information stated that the crime took place in the city of Royal Oak. We find that this variance is nonprejudicial, for no one was misled thereby. Under 3 Comp. Laws 1929, § 17354, it is provided that no verdict or judgment shall be invalid by reason of a nonprejudicial defect. A variance of this character is not prejudicial. *State* v. *Robinson,* 14 Minn. 447; *Commonwealth* v. *Gillon,* 84 Mass. 502.

We also find that there was no error, as claimed, in admitting the testimony of a rebuttal witness whose name had not been indorsed on the information when the trial began.

The judgment of conviction is affirmed.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.