PEOPLE *v.* SIMS.

1. CRIMINAL LAW—PROVING VENUE.
   Objection that venue was not proved, not raised before case was submitted to jury, does not present reversible error (3 Comp. Laws 1929, § 17259, subd. 3).

2. SAME—CRIMINAL CODE—CONSTITUTIONAL LAW—INDICTMENT AND INFORMATION—AMENDMENT.
   Constitutional provision (article 2, § 19) that accused shall have right to be informed of nature of accusation is not violated by criminal code (3 Comp. Laws 1929, § 17290) permitting amendment of indictment or information, since only curing of defects in statement of offense already charged is permissible thereunder.

3. INDICTMENT AND INFORMATION—HOMICIDE—AMENDMENT OF INFORMATION.
   Amendment of information charging "assault with intent to kill" to charge "assault with intent to kill and murder" was properly permitted under 3 Comp. Laws 1929, § 17290.

Appeal from Iosco; Dehnke (Herman), J. Submitted January 14, 1932. (Docket No. 193, Calendar No. 35,511.) Decided March 2, 1932.

William Sims was convicted of assault with intent to murder. Affirmed.

*Thomas J. Drouillard* and *Louis W. McClear,* for appellant.

*Paul W. Voorhies,* Attorney General, and *John A. Stewart,* Prosecuting Attorney, for the people.

Fead, J. Defendant was convicted of assault with intent to commit the crime of murder.

He contends that venue was not proved at the trial. The point was not raised before the case was submitted to the jury, and, therefore, does not present reversible error. 3 Comp. Laws 1929, § 17259 (3); *People* v. *Thompson,* 255 Mich. 252.

The information charged the offense as "assault with intent to kill." It was first challenged after the jury was sworn, and the court permitted an amendment to charge "assault with intent to kill and murder."

This court has construed a verdict of guilty of assault with intent to kill as covering no crime except assault, because there is no offense known to the law of this State as assault with intent to kill. *Wilson* v. *People,* 24 Mich. 410; *Wright* v. *People,* 33 Mich. 300; *People* v. *Lilley,* 43 Mich. 521. The reasoning was that, as an unlawful homicide even with intent to kill may be manslaughter, the jury did not find the statutory requisite, intent to murder.

A different question confronts us, which is governed by the code of criminal procedure of 1927, adopted to eliminate some of the technicalities which

had surrounded the practice. The defendant may not lie in wait for error as fully as he had been permitted to do. The people are relieved of some of the former burdens of meticulous and technical elaboration and accuracy of charge and prosecution. Concise and direct statement of the offense is permitted to be substituted for the niceties of involved pleading. Short forms of charges are set out in the statute. 3 Comp. Laws 1929, § 17258. Some allegations which before had been vital are declared unnecessary or amendable. An indictment or information shall contain:

"1. The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged." 3 Comp. Laws 1929, § 17259.

And in section 17290 it is provided:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been

misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no writ of error or other appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

Under an information for negligent homicide, which set up no crime because it did not specifically allege the negligence claimed (*People* v. *Maki,* 245 Mich. 455; *People* v. *Hamilton,* 71 Mich. 340), this statute was held to authorize amendment, before trial, by adding the necessary specifications. *People* v. *Spence,* 250 Mich. 573. One purpose of liberalizing the power of amendment after the jury is sworn is to impair the strategy of saving objections until the defendant has been put in jeopardy.

The statute does not authorize the court to permit the changing of the offense nor the making of a new charge by way of amendment, as feared by counsel for defendant. It permits only cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and court of its nature. Being thus procedural, it does not violate article 2, § 19, of the Constitution, which provides that the accused shall have the right to be informed of the nature of the accusation. *People* v.

*Meyer,* 204 Mich. 331. There being no new or different charge introduced by amendment, there is no occasion for a new examination or a rearraignment.

No one could doubt that the information at bar intended to charge the offense which is stated in the statute as assault with intent to murder. The assault and intent were alleged to be contrary to the statute and the charge bears no such similarity to other offenses as to permit confusion of crimes.

The amendment was not prejudicial to defendant, as it called for no different defense or evidence than would the original charge as it obviously was intended. The record discloses no surprise or misapprehension of defendant as to the nature of the accusation. He expressed himself as preferring to proceed with the trial rather than have a discontinuance. There was no abuse of discretion in permitting the amendment.

Judgment affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.