PEOPLE v. TATE.

1. CRIMINAL LAW—QUESTIONS REVIEWABLE—PLEADING TO INFORMA-
TION.
Whether or not charter amendment requiring municipal judge to be an attorney licensed to practice law was invalid as impos-ing qualifications incident to eligibility for such office other than those provided in the Constitution is not determined where question was not raised until after defendant had pleaded to information in the circuit court after having been bound over to circuit court for trial by municipal judge (3 Comp. Laws 1929, § 17256).

2. SAME—PRELIMINARY EXAMINATION—ARRAIGNMENT.
After proper arraignment in the circuit court and a plea of guilty or not guilty by defendant, the prior proceedings had before an examining magistrate cannot be questioned, nor may defendant complain of lack of examination (3 Comp. Laws 1929, § 17256).

3. SAME—WAIVER OF PRELIMINARY EXAMINATION.
A defendant in a criminal case may waive his right to have a preliminary examination before an information is filed against him, as well when called upon to plead to the information as when brought before the examining magistrate; and if, at the time of pleading, he makes no objection on the ground that

such examination has not been had or waived, it is presumed to have been had or he has waived it or now intends to waive it (3 Comp. Laws 1929, § 17256).

4. SAME—PLEA OF GUILTY—WAIVER OF EXAMINATION.
A plea of guilty is a waiver of examination (3 Comp. Laws 1929, § 17256).

Appeal from Eaton; McDonald (Archie D.), J. Submitted April 23, 1946. (Dockets Nos. 80, 81, 82, Calendar Nos. 42,935, 43,058, 43,059.) Decided June 3, 1946.

Henry Tate and Calvin Tate were convicted of assault with intent to do great bodily harm less than the crime of murder. Thomas Tate was convicted of felonious assault. Affirmed.

*John Wendell Bird,* for appellants.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Burton G. Cameron,* Prosecuting Attorney, for the people.

NORTH, J. Each of the three defendants herein has appealed from denial in the circuit court of his motion to set aside his plea of guilty and the sentence imposed and that he be granted a new trial. These defendants were charged separately and each entered a plea of guilty and was sentenced. But since decision in each case is controlled by determination of the same issue on records which in point of law are identical, we write it as the individual appeal of Henry Tate. He was arrested on a warrant issued by the municipal judge of the city of Charlotte, before whom a complaint had been made. As set forth in the warrant, defendant was charged with having made an assault with a dangerous weapon with intent to murder one Lawrence Bodell. An examination before the municipal judge resulted

in defendant being held for trial in the circuit court. Defendant was arraigned in circuit court on an information wherein the first count charged the offense set forth in the warrant, and in a second count the information charged the defendant with having committed an assault with a dangerous weapon with intent to do great bodily harm less than the crime of murder. When first arraigned defendant stood mute and a plea of not guilty was entered. Simultaneously defendant's counsel made a motion to quash the information. But before the motion to quash was passed upon by the circuit judge, defendant, accompanied by his counsel, again appeared in the circuit court and requested withdrawal of the plea of not guilty which had been entered. Defendant's request was granted, he was thereupon re-arraigned, the information was read to him by the prosecuting attorney, and defendant pleaded guilty to the second count of the information—*i.e.*, committing an assault with a dangerous weapon with intent to do great bodily harm less than the crime of murder. A short time thereafter defendant was sentenced to the penitentiary.

Subsequent to the imposition of sentence defendant's counsel made a motion that defendant's plea of guilty and the sentence imposed be set aside and that he be granted a new trial. The motion was denied and this appeal followed. Appellant relies upon a single ground urged in support of his motion, which in his brief is set forth as follows:

"Although the motion in the above case was filed upon several grounds   *   *   *   the only one necessary to consider in this brief, is that the municipal judge who conducted the examination had no authority since he was elected under this charter amendment which established invalid and unconstitutional qualifications for the office. Hence, the

theory of the defendants is that the election of the judge was invalid and void, and he had no jurisdiction over the defendants at the time the warrants and complaints were issued in this cause or at the time of the subsequent examination.''

While, for reasons hereinafter set forth, it is quite immaterial to decision of the instant case, nonetheless we note that the ''charter amendment'' referred to was an amendment to the charter of the city of Charlotte by which it was sought to abolish the office of justices of the peace in that city and in place thereof to create a municipal court, ''which said court shall be presided over by one judge, to be known as the municipal judge, who shall have been, at the time of his election, a resident of the city of Charlotte for 5 years and an attorney licensed to practice law in the Supreme Court of this State.'' In brief, appellant's claim is that the charter amendment creating the municipal court and providing for the election of a municipal judge is ''invalid and void'' because in violation of the State Constitution an attempt was made to add qualifications incident to the eligibility of one to be appointed or elected to the office of municipal judge other than those provided in the Constitution—*i.e.,* the amendment required the municipal judge should be ''an attorney licensed to practice law in the Supreme Court of this State.''

While we are not impressed with the merits of the above contention, for reasons about to be noted, we deem it wholly unnecessary to pass upon that issue. When defendant was re-arraigned in the circuit court, at his request the plea of not guilty theretofore entered in his behalf was set aside, and thereupon defendant, accompanied by his counsel, entered a plea of guilty. The law has long been settled in this State that after proper arraignment in the cir-

cuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination. In the instant case, as above noted, defendant had been arraigned in the circuit court, pleaded guilty and sentence was imposed, prior to the motion from the denial of which this appeal was taken.

"A defendant in a criminal case may waive his right to have a preliminary examination before an information is filed against him, as well when called upon to plead to the information as when brought before the examining magistrate. And if, at the time of pleading, he make no objection on the ground that such examination has not been had or waived, he must be understood to admit that it has been had, or that he has waived or then intends to waive it." *Washburn* v. *People* (syllabus), 10 Mich. 372.

"The questions raised as to the preliminary proceedings will not be considered, as they should have been raised before pleading to the information." *People* v. *Hanifan*, 98 Mich. 32.

"Where, in a criminal prosecution, the defendant pleaded guilty, he thereby waived his right to a preliminary examination under 3 Comp. Laws 1915, § 15767 (now 3 Comp. Laws 1929, § 17256 [Stat. Ann. § 28.982]), and the trial judge had jurisdiction to sentence." *People* v. *Sanford* (syllabus), 233 Mich. 112.

"A plea of guilty is a waiver of examination." *People* v. *Harris*, 266 Mich. 317.

To the same effect, see, also, *People* v. *Jones*, 24 Mich. 215; *People* v. *Williams*, 93 Mich. 623; *People* v. *Harris*, 144 Mich. 12; *People* v. *Davis*, 171 Mich. 241; also extensive note in 116 A. L. R. 550.

Denial in the circuit court of defendant's motion to vacate his plea and set aside the sentence imposed and to grant a new trial is affirmed in each of the three cases involved in this appeal. Our records indicate defendants are at liberty on bail, and therefore these cases are remanded with direction to the circuit court to proceed with execution of the sentence in each of the respective cases.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and STARR, JJ., concurred. BUSHNELL, J., took no part in the decision of this case.