PEOPLE v. PAUGH.

1. CRIMINAL LAW—IRREGULARITY IN INFORMATION—PLEADING—NEW TRIAL.

By having pleaded not guilty to information for breaking and entering in the nighttime with intent to commit larceny, in which the alleged date of the offense was that relied upon by the prosecution, any irregularity in the prior proceedings in the case was waived and could not thereafter be asserted in support of a motion for a new trial (Act No. 328, § 110, Pub. Acts 1931).

REFERENCES FOR POINTS IN HEADNOTES
[2–4] 2, 3 Am. Jur., Appeal and Error, §§ 101, 894, 1151; 39 Am. Jur., New Trial, §§ 132–134, 139.
[3, 4] 39 Am. Jur., New Trial, § 156 et seq.

2. SAME—NEW TRIAL—WEIGHT OF EVIDENCE.

In prosecution for breaking and entering in the nighttime with intent to commit larceny, where there was testimony presented by the people which constituted ample proof to justify a finding and verdict by the jury that guilt of defendant was established beyond a reasonable doubt, a motion for a new trial was properly denied since the credibility of the witnesses and the weight to be given to their testimony was a matter for the jury (Act No. 328, § 110, Pub. Acts 1931).

3. SAME—NEW TRIAL.

In order to justify granting a new trial in a prosecution for crime, it must be shown (1) that the evidence, and not merely its materiality, be newly-discovered; (2) that the evidence be not cumulative merely; (3) that it be such as to render a different result probable on a retrial; and (4) that the party could not with reasonable diligence have discovered and produced it at the trial.

4. SAME—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Showing made on defendant's motion for new trial on ground of evidence newly-discovered after conviction on charge of breaking and entering in the nighttime with intent to commit larceny, was properly found insufficient by the trial judge, where it appears to have been made by inmates of a jail, contained inconsistencies and was opposed by persons who had been associated with defendant while committing the crime charged as well as other crimes (Act No. 328, § 110, Pub. Acts 1931).

Appeal from Cass; Warner (Glenn E.), J. Submitted January 13, 1949. (Docket No. 71, Calendar No. 43,987.) Decided February 28, 1949. Rehearing denied April 14, 1949.

Joseph Paugh was convicted of breaking and entering in nighttime with intent to commit larceny. Affirmed.

*Joseph Paugh*, in pro. per.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, *Daniel J. O'Hara*, As-

sistant Attorney General, and *Robert R. Waterson,* Prosecuting Attorney, for the people.

NORTH, J. The defendant, Joseph Paugh, a man with a criminal record, was arrested on a charge of breaking and entering in the nighttime with intent to commit larceny.* The original complaint and warrant set the date of the offense as on or about January 20, 1947. However at the preliminary hearing testimony revealed the error in stating the date of the offense, which should have been fixed as June 1, 1947. Defendant was bound over to the circuit court. The information thereafter filed set the date of the offense as June 1, 1947. On being arraigned and in the presence of and on the advice of counsel, defendant waived the reading of the information and pleaded not guilty to the charge. The jury trial was held September 16 and 17, 1947.

At the trial the State called as witnesses, Charles Basham and Paul Shidler, who were confined in an Indiana jail charged with burglary. The substance of their testimony was that they had been parties to the crime with which defendant was charged, that he had engineered it and that he had received his cut or share of the proceeds. They testified that they had met him 3 or 4 weeks prior to the day of the commission of the crime, that they saw him again on the evening of the burglary, and that he had told them where they could get the tires. They further testified that they, through Charles Basham, rented a truck from a U-Drive-It lot and drove in it to Cassopolis where Shidler entered the building of the American Coach Company and handed tires out to Charles Basham, Red Paugh and John Petrosac; that they drove back to South Bend, dropped the de-

---

* See Act No. 328, § 110, Pub. Acts 1931 (4 Comp. Laws 1948, § 750.110 [Comp. Laws Supp. 1940, § 17115-110, Stat. Ann. § 28.-305]).—REPORTER.

fendant at Niles on the way back, then sold the tires and split the proceeds, Paugh getting his share later in the morning. All of this was denied by the defendant in his testimony.

The jury heard all of the testimony and after the charge by the court, to which there were no exceptions taken, returned a verdict of guilty. Appellant was sentenced to a term of from 5 to 15 years in State prison of southern Michigan.

Motion for a new trial was duly noticed and heard October 13, 1947. The motion was premised on 3 grounds: That the verdict was contrary to law; that the verdict was against the great weight of the evidence; and that "since the trial newly-discovered evidence, not then available or known to the respondent or his attorney, of a material and probably controlling nature was secured by respondent's attorney." The trial judge denied the motion for a new trial, and the defendant brings this appeal in which he raises the same issues.

Appellant's claim that the verdict was contrary to law is based upon the following. As above noted, in the complaint as originally made the date of the offense was stated as January 20, 1947, instead of "on the 1st day of June, 1947." But prior to defendant's arraignment the error in the date was discovered and in the information filed the date of the offense was charged as June 1, 1947. The record indicates that appellant and his counsel were aware of this discrepancy in the date at the time of the preliminary hearing; and it clearly appears that they knew of it before entering upon the trial of the case, but urged no objection on that ground. At his arraignment in circuit court defendant, represented by his counsel, waived the reading of the information and entered a plea of not guilty. By having so pleaded to the information in which the alleged date of the offense was that relied upon by the prosecu-

tion, any irregularity in the prior proceedings in this case was waived, and it could not thereafter be asserted in support of a motion for a new trial. In *People* v. *Tate,* 315 Mich. 76, we said: "The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination." On the record before us defendant's contention that the verdict of the jury, for the reason claimed, was contrary to the law is not sustainable.

As to defendant's contention that the verdict of the jury was "contrary to the great weight of the evidence," a reading of the record discloses that, if the testimony of the people's witnesses was believed by the jury, there was ample proof presented on the trial to justify a finding and verdict by the jury that defendant's guilt was established beyond a reasonable doubt. The credibility of the witnesses at the trial and the weight to be given to their testimony was a matter for the jury. Under this record defendant's contention in the above particulars cannot be sustained.

Defendant's remaining claim is that the trial court was in error in denying defendant's motion for a new trial in view of the showing made by defendant as to newly-discovered evidence. We are not in accord with defendant's claim in this respect. The requisites of newly-discovered evidence which would justify granting a new trial are set forth in *Canfield* v. *City of Jackson,* 112 Mich. 120, as follows:

"*First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not

with reasonable diligence have discovered and produced it at the trial."

We briefly outline the showing made incident to defendant's motion for a new trial. As hereinbefore noted, at the trial of the case the people's two main witnesses were Charles Basham and Paul Shidler. Defendant's claim is that when defendant's trial was in progress these two witnesses stated, in substance, to or in the presence of other occupants of the Cass county jail, that Basham and Shidler by giving false testimony as to defendant having participated in the alleged crime had "railroaded" defendant to prison. In support of defendant's claim the only showing under oath was the testimony of one of such jail occupants, Richard Sanders, taken at the time the motion for new trial was heard. The gist of his testimony was that after Basham and Shidler had testified and on September 16, 1947, he heard Shidler and Basham make statements to the effect that defendant herein was not with them at the time the burglary charged in the instant case was committed. But it is rather strange that Sanders also testified that Basham at the same time said they "split" with defendant herein the money that was received for the sale of the stolen tires. Aside from the foregoing there was no showing under oath in support of defendant's motion for a new trial. However, defendant did submit unsworn signed statements of 2 other men who were in the Cass county jail at the time of defendant's trial in which each of them asserted that they heard Basham and Shidler make statements of like character as that contained in Sanders' testimony as to "railroading" defendant Paugh.

As against the above showing in support of defendant's motion for a new trial, there were produced the affidavits of Basham and Shidler in which

they denied making any statement relative to their "railroading" defendant and denied saying Paugh was not with them when the burglary herein charged was committed. And further in opposition to defendant's motion the sworn statement, in question and answer form, of Kenneth Reed was produced. Therein Reed stated that he had known defendant Paugh for almost a year and had been involved with Paugh in committing at least one burglary, and further:

"*Q.* Did Joseph Paugh ever tell you anything about stealing tires from Cassopolis?

"*A.* Yes.

"*Q.* Can you tell what he said about that?

"*A.* He told me that he and 'Duke' had gone to Cassopolis after tires. * * *

"*Q.* Were there more than two men on this job, do you know?

"*A.* I don't know for sure but I believe that he spoke about some other men on the job also."

Considering the character of the persons on whose testimony or statements defendant relies in this application for a new trial and considering the inconsistencies which appear in their testimony or statements, we are of the opinion that the trial judge reached the right conclusion in finding that defendant's showing as to newly-discovered evidence was not sufficient to justify granting a new trial in the instant case.

We are in accord with the conclusion of the circuit judge which must have been that under all the circumstances of this case the newly-discovered evidence upon which defendant relied in support of his motion was not such as to render a different result

probable on a retrial of the instant case. The denial of defendant's motion for new trial is affirmed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETH-MERS, BUTZEL, and CARR, JJ., concurred.