PEOPLE v. BARMORE.

1. Criminal Law—Trial Judge's Comment on Evidence.
   Trial court's comment as to defendant's testimony that "I don't believe it and I don't think you should" exceeded the limits of fair comment in trial on charge of second-degree murder and constituted reversible error.

2. Same—Instructions—Agreement on Verdict.
   Trial judge's instruction to jury on second day of their deliberations and separated from the fact and time of his charge proper, that they had "a duty to agree upon a verdict" without qualification, held, reversible error in trial on charge of second-degree murder.

3. Same—Preliminary Examination—Pleading to the Information.
   Prior proceedings before an examining magistrate cannot be questioned after defendant has pleaded guilty or after he may have entered a plea of not guilty, as he waives his right to object by pleading to the information.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 82.
[2] 53 Am Jur, Trial § 957.
   Comments or conduct of judge calculated to coerce or influence jury to reach verdict in criminal case. 85 ALR 1420.
[3, 4] 14 Am Jur, Criminal Law § 242.

4. SAME—FURTHER EXAMINATION—PLEADING TO THE INFORMATION.
   Claimed error in action of circuit court in remanding defendant
   to the examining magistrate for further examination without
   prior notice to defendant's attorney, a repetition of such per-
   formance, and then trial on charge of second-degree murder,
   *held*, not subject to review after defendant had pleaded to last
   information.

Appeal from Muskegon; Beers (Henry L.), J. Submitted January 11, 1962. (Docket No. 84, Calendar No. 48,808.) Decided October 1, 1962.

Herman Barmore was convicted of murder in the second degree. Reversed and new trial granted.

*Frank J. Kelley,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *Harry J. Knudsen,* Prosecuting Attorney, for the people.

*John P. Boeschenstein,* for defendant.

PER CURIAM. Defendant was jury-convicted of murder in the second degree. His motion for new trial was denied. Sentence of life imprisonment followed. Upon leave granted defendant reviews and presents 5 questions, only 3 of which require discussion and decision.

*First:* Error of intemperate comment upon his testimony, by the trial judge, is urged and stressed by defendant. The connected instruction of which complaint is made appears in the appendix as follows:

"The undisputed evidence in this case is that the defendant gave this statement to the prosecuting attorney telling how he shot Peter Gorham; that thereafter he went to the scene and re-enacted how he had shot him. You have seen the photographs and heard that testimony. That was shortly after the defendant had been returned here from Arizona in

May. From that time on the statement he had given that he had shot this boy was allowed to stand by him. He gave no indication that he claimed he had not shot this boy until the very commencement of this trial in November, a period of about 5 months, although the defendant had been before the municipal judge twice in the city court and before me here in this court on at least 2 occasions.

"He now says that he gave that statement under compulsion because of improper inducement offered him by Sheriff Davis. Now, you have heard the testimony as to the deliberate and voluntary manner in which this statement was made. There is no evidence, and there is no claim by the defendant Barmore that any force was used or physical abuse, or anything of that kind. This claim of the defendant now made that the statement was induced by an improper action of the sheriff, in my opinion, should be given little or no weight by this jury. To put it bluntly, ladies and gentlemen, my comment to you is that I don't believe it and I don't think you should."

By such instruction, and as in *People* v. *Clark,* 340 Mich 411, 421, "The jury could scarcely have failed to understand that the trial judge believed that the testimony of defendant [Barmore] was false." On that account, likewise as in the *Clark Case,* we must conclude that the trial judge's comment "exceeded the limits of fair comment" and that the result was and now is reversible error. For elaboration, see *People* v. *Padgett,* 306 Mich 545, and *People* v. *Lintz,* 244 Mich 603.

*Second:* At 1:41 in the afternoon of the second day of deliberation the jury members were called into the courtroom. In the absence of defense counsel the judge announced that relief for lunch would be provided "a little later." He then instructed:

"However, before we do that there are 1 or 2 things I would like to say to you.

"The only manner, ladies and gentlemen, that is provided by the laws of our country for deciding questions of fact in criminal cases is by the verdict of a jury. In a large portion of cases, and, in fact, strictly speaking, in all cases, absolute certainty cannot be attained, nor is it expected. If that was the law there would be little use in trying any cases at all.

"Now, ladies and gentlemen, in conferring together you ought to pay proper respect to each other's opinions, and listen with a disposition to be convinced to each other's arguments. And, on the one hand, if a much larger number of your panel are for conviction, a dissenting juror should consider whether a doubt in his own mind is a reasonable one, which makes no impression upon the minds of so many jurors who are equally honest, equally intelligent with himself, and who have heard the same evidence with the same attention and with an equal desire to arrive at the truth, and under the sanction of the same oath.

"On the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to doubt the correctness of a judgment which is not concurred in by most of those with whom they are associated, and distrust the weight or sufficiency of that evidence that fails to carry conviction to the minds of so many of their fellows.

"Now, ladies and gentlemen, when you are placed on a jury you have a sworn duty to perform. That duty is a duty to agree upon a verdict. In order to arrive at a verdict you have to discuss the matter impartially and fairly, but you must do what you can to arrive at a verdict, because that, ladies and gentlemen, is what you are here for."

Defendant alleges that such instruction "coerced" the jury into return of a verdict after it became apparent that the members could not agree. We content ourselves with saying that the judge should have conditioned the quoted instruction, as in *People* v.

*Chivas,* 322 Mich 384, 393, 394, in order that we might again say, as in *Chivas* (p 395), that "In our opinion the court did not tell the jury that it was their duty to agree upon a verdict or tell an individual juror that he must give up his own views and agree with the majority." Here, without requisite qualification, and separated from the fact and time of his charge proper, the judge told the jury members that it was their duty to agree upon a verdict. The instruction amounted to reversible error under the rule of *People* v. *Engle,* 118 Mich 287.

*Third:* Defendant, charged with murder in the first degree, was duly arraigned in circuit. Motion to remand to municipal court, for examination, was thereupon made and granted. The municipal court later bound defendant over to circuit "solely and alone on the crime of manslaughter." Arraigned in circuit on such charge, defendant pleaded not guilty. The prosecutor thereupon moved to remand for further examination. That motion was granted. In municipal court defendant moved to dismiss for reasons needless of present detail. That motion was denied. Defendant was again bound over to circuit, this time "on the charge of second-degree murder." Arraigned in circuit on the latter charge, defendant pleaded not guilty. Upon the issue made by such charge and plea defendant was tried and convicted.

Moving for new trial defendant insisted, and now insists:

"It seems clear that once information was filed, plea was entered, bail was fixed, the trial judge was without jurisdiction to enter an order to remand for further examination. What is more, respondent or his attorneys were not given prior notice of entry of the order nor given the right to oppose entry of order by law and argument as required by rule and justice."

Whatever the original merit or want of merit of such allegation it must be held that defendant waived right to object or assert error on account thereof by pleading to the information—for second degree murder—and going to trial. See *People* v. *Paugh,* 324 Mich 108, and *People* v. *Tate,* 315 Mich 76. The rule appears in *Tate* (pp 79, 80):

"The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination."

Upon arraignment defendant had the right to stand mute or plead. He elected to plead issuably and thereupon stood for trial upon the legal issue. After the trial it was too late to raise the quoted question. The trial judge did not err in rejection thereof.

Reversed. New trial granted.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.