PEOPLE v. CHERRY

1. INDICTMENT AND INFORMATION—AMENDMENT.
   Statute which permits court to amend an indictment at any time before, during or after trial in respect to any defect, imperfection or omission in form or substance or any variance with the evidence does not authorize the court to either change the offense nor make new charges by way of amendment (MCLA § 767.76).

2. CRIMINAL LAW—JURISDICTIONAL DEFECT.
   A jurisdictional defect in criminal proceedings may be raised at any time.

3. INDICTMENT AND INFORMATION—AMENDMENT—FAILURE TO OBJECT.
   Defendant, charged with assault with intent to rape, was not prejudiced by going to trial on the lesser offense of taking indecent liberties with a child under the age of 16 years

REFERENCES FOR POINTS IN HEADNOTES

[1–3] Power of court to make or permit amendment or indictment. 17 ALR3d 1181.

[1] 41 Am Jur 2d, Indictments and Informations §§ 177–186.

[2] 21 Am Jur 2d, Criminal Law § 379.

[3] 41 Am Jur 2d, Indictments and Informations §§ 201, 204.

and the circuit court had jurisdiction of the offense charged by the amended complaint where the prosecutor amended the information on the date of trial, the defendant failed to object to the amendment of the information, the offense in the amended information was disclosed by the preliminary examination, arose from the same incident as the original offense charged, shared some of the characteristics of the original offense charged, and the defendant was well aware of the essential facts alleged in support of the original complaint (MCLA §§ 750.85, 750.336).

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 August 18, 1970, at Detroit. (Docket No. 8,862.) Decided October 30, 1970.

Frederick Eugene Cherry was convicted of taking indecent liberties with a child under the age of 16 years. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: McGregor, P. J., and T. M. Burns and O'Hara,* JJ.

O'Hara, J. Defendant was charged with assault with intent to rape.[1] On the date of trial the trial court, on motion of the prosecutor, and without

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

[1] MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).

objection amended the information to charge taking indecent liberties with a child under the age of 16 years.[2] He was convicted of the charge, and he appeals of right.

The issue presented here is whether CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016) authorizes the trial court to amend the indictment or information to charge an added count of a new crime, not an included offense of the crime originally charged, when such additional charge is disclosed by the preliminary examination and arises from the same transaction and shares some of the characteristics of the crime originally charged.

CL 1948, § 767.76 reads, in relevant part, as follows:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury."

This question has been considered, once, by this court in *People* v. *Burd No. 1* (1968), 13 Mich App 307. Burd was charged with breaking and entering with intent to commit larceny. On the date of trial the information was amended to charge Burd with

2 MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).

breaking and entering with intent to commit an unspecified felony. This Court reversed Burd's conviction stating at 316, 317:

"It is acknowledged that such a motion is permitted under the provisions of CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016). But this statute does not authorize the court to permit the changing of the offense nor the making of new charges by way of amendment. *People* v. *Sims* (1932), 257 Mich 478, 481. An information charging one with breaking and entering with the intent to commit a larceny is totally different from one charging breaking and entering with the intent to commit an undescribed felony, and an information without further defining the felony, is fatally defective. *People* v. *Westerberg* (1936), 274 Mich 647. The objection to the amendment made on behalf of the defendant in the trial court was sufficient; the fact that defendant did not request a continuance or reexamination and rearraignment cannot be considered as a waiver of the circuit court's lack of jurisdiction. *People* v. *Monick* (1938), 283 Mich 195, 200. This is so because the jurisdiction of the circuit court is limited to the crimes included *within the return of the examining magistrate.*"

In *Burd,* the added offense was disclosed by the preliminary examination and arose out of the same transaction as the original offense. One distinction between *Burd* and the present case is that Burd, unlike the defendant here, objected promptly to the amendment to the information. Additionally, in *Burd* the amended information charged *no* offense of which the court had jurisdiction. If the circuit court was in fact without jurisdiction to hear the added count here, defendant's failure to object was immaterial. A jurisdictional defect may be raised at any time. Clearly, the circuit court, in the case at bar, had jurisdiction of the offense charged by

the amended complaint. The defendant was well aware of the essential facts alleged in support of the original complaint. If there was any surprise or prejudice in the amended complaint charging a lesser offense, he could have objected before going forward. It is difficult to see how defendant by going to trial on lesser offense growing out of the same facts as were charged in the original offense was in any respect prejudiced by the amendment made upon motion and without objection.

We find no reversible error.

Affirmed.

All concurred.