**UNITED STATES of America ex rel. Levie M. BURGESS, Petitioner,**

v.

**Perry JOHNSON, Acting Warden et al., State Prison, Southern Michigan, at Jackson, Michigan, Respondent.**

**Civ. A. No. 35086.**

United States District Court,
E. D. Michigan, S. D.

Feb. 18, 1971.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

KENNEDY, District Judge.

Plaintiff Levie M. Burgess (sometimes hereinafter referred to as petitioner) has filed in *pro per* a Petition for Writ of Habeas Corpus alleging that he is illegally confined by the Warden of the State Prison for Southern Michigan under an illegal sentence imposed by the Berrien County Michigan Circuit Court, after he was illegally convicted in that court on an Information charging him with safe-cracking. He asserts that he is illegally confined because the Berrien County Circuit Court did not acquire jurisdiction to try him for that crime. This lack of jurisdiction is alleged to have existed under the following circumstances.

After arrest upon a Complaint and Warrant an examination was held in the Municipal Court for the City of Benton Harbor, Michigan. Mr. Burgess was represented at the examination by counsel. At its conclusion he was bound over

for trial to the Berrien County Circuit Court. The Return of the magistrate charged the crime on which he was bound over in the following language:

"LEVIE M. BURGESS feloniously, maliciously and wilfully, by and with the aid and use of the following tools, to wit: a 40 oz sledge hammer, a pry-bar, and a crowbar, attempted to force an entrance into a safe and depository box of one Western Union, established and maintained in the Western Union Office, 93 Wall Street, Benton Harbor, Michigan, wherein was contained money and other things of value."

This language fails to contain the allegation that the attempt to force an entry into the depository of Western Union was done with "intent to commit a larceny therein." Petitioner also alleges that the Complaint and Warrant similarly failed to include this charge, which is one of the essential elements of the crime of safe-cracking.

On June 19, 1967 an Information was filed in the Berrien County Circuit Court. The Information does contain the language "with intent to commit the crime of larceny." In all other respects the language of the Information and the magistrate's Return are identical. The Information was filed over four months before the actual trial of petitioner Burgess occurred. His Petition indicates that he was tried on a plea of not guilty. He must, therefore, have been arraigned on the Information since it is at that stage of the proceedings that an accused enters his plea. Mr. Burgess does not deny being arraigned on the Information.

The Information contains a complete and proper recitation of the charge of safe-cracking, including the essential language omitted from the magistrate's Return. Mr. Burgess was therefore fully apprised of the charge against him at least four months before he was tried.

■ Under Michigan law, as interpreted by its Supreme Court, a defendant in a criminal case when he offers a plea to the Information, whether the plea is one of guilty or not guilty, waives all irregularities in the preliminary proceeding. This rule is stated in People v. Tate, 315 Mich. 76, 23 N.W.2d 211 (1946) when the Michigan Supreme Court said:

"The law has long been settled in this State that after proper arraignment in the Circuit Court a plea of guilty *or a plea of not guilty* by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination." At pages 79–80 [23 N.W.2d at page 213]. [Emphasis supplied].

Again, in People v. Barmore, 368 Mich. 26, 117 N.W.2d 186 (1962) the defendant contended that the circuit court judge had illegally remanded his case for a further examination, where he had been bound over on a manslaughter charge and following the further examination was bound over on second-degree murder; *to the latter charge he pled not guilty and was convicted.* The Michigan Supreme Court held:

" *    *    *

"Whatever the original merit or want of merit of such allegation [circuit court without power to remand for a further examination] it must be held that defendant waived right to object or assert error on account thereof by pleading to the information—for second degree murder—and going to trial. See People v. Paugh, 324 Mich. 108, [36 N.W.2d 230] and People v. Tate, 315 Mich. 76, [23 N.W.2d 211]. The rule appears in Tate (pp. 79, 80, [23 N.W.2d p. 213]): [Parentheses supplied].

" 'The law has long been settled in this State that after proper arraignment in the circuit court and a plea of guilty or a plea of not guilty by defendant the prior proceedings had before an examining magistrate cannot be questioned; nor can defendant complain even though there has been no examination.' "

"Upon arraignment defendant had the right to stand mute or plead. He elected to plead issuably and thereupon stood for trial upon the legal issue. * * *"

■ In the early case of People v. Harris, 103 Mich. 473, 61 N.W.2d 871 (1894) the defendant sought permission prior to trial to withdraw his plea of not guilty so that he might object to the validity of the warrant for his arrest. The circuit judge denied his request and the Michigan Supreme Court approved. The court held that defendant by pleading not guilty to the Information waived all objections to the validity of the warrant for his arrest. Thus, by failing to object prior to pleading to the Information and in pleading not guilty to it, petitioner BURGESS waived the discrepancies between the charge as recited in the magistrate's Return and as stated in the Information.

■ There is good reason for this rule of waiver of errors on irregularities in the preliminary procedures if the same are not raised at or before arraignment on the Information. The preliminary procedures are intended primarily to prevent accused persons from being tried unless there is probable cause to believe that a crime has been committed and that the defendant has committed it; they are intended to prevent unnecessary trials. Once the Information is filed in the circuit court and the defendant has pled not guilty the occurrence of the trial is imminent and reasonably certain.

■ Moreover, the objections to the preliminary procedures may be corrected if raised before arraignment on the Information. The action may be returned to the magistrate for further examination, as it was in *Barmore*; an invalid warrant can be replaced by a valid warrant and new arrest; the magistrate's Return could be corrected. Objections of this nature made for the first time after a fair trial would require a new trial solely for the purpose of again bringing the same accused to trial for the same crime.

Petitioner Burgess relies primarily upon People v. Monick, 283 Mich. 195, 277 N.W. 883 (1935) for the proposition that the Berrien Circuit Court was without jurisdiction to try him for the crime of safe-cracking. In *Monick* the magistrate's Return *and the Information* both failed to allege that the attempt to enter the depository box or safe was for the purpose of committing a larceny. The Information remained in that form until the prosecution had rested. The defendant then moved to quash the Information. The trial judge permitted an amendment to the Information to add the allegation that the attempt to break or enter the safe or depository was for the purpose of committing a larceny therein. The Michigan Supreme Court refused to permit such an amendment because with it a different crime was charged from that originally charged in the Information. The court in *Monick* did not have before it the question of waiver of the insufficiency of the magistrate's Return since the Information to which Monick had pled not guilty also lacked the necessary language.

It is correct that the Michigan Supreme Court stated in *Monick* that the circuit court was without jurisdiction to try Monick on any other charge than that charged in the Return. However, that language must be read with the implied qualification "under the facts and circumstances present in that case". Thus, in its opinion in *Monick*, the Court expressly distinguished its ruling therefrom its earlier holdings in People v. Sims, 257 Mich. 478, 241 N.W. 247 (1932) where the jurisdiction of the circuit court to try the charge as amended was not challenged during the trial (which is the situation in petitioner Burgess' case). In *Sims* the Information charged the offense as "assault with intent to kill". Under Michigan law this was not an offense. Immediately after the jury was sworn the court permitted an amendment to the Infor-

mation to charge "assault with intent to kill and murder." The Michigan Supreme Court approved this procedure under a Michigan statute permitting amendment to indictments. It said:

"Under an information for negligent homicide, which set up no crime because it did not specifically allege the negligence claimed People v. Maki, 245 Mich. 455 [223 N.W. 70]; People v. Hamilton, 71 Mich. 340, [38 N.W. 921], this statute was held to authorize amendment, before trial, by adding the necessary specifications, People v. Spence, 250 Mich. 573, [231 N.W. 126]. One purpose of liberalizing the power of amendment after the jury is sworn is to impair the strategy of saving objections until the defendant has been put in jeopardy.

"The statute does not authorize the court to permit the changing of the offense nor the making of a new charge by way of amendment, as feared by counsel for defendant. It permits only cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and court of its nature. Being thus procedural, it does not violate article 2, § 19, of the Constitution, which provides that the accused shall have the right to be informed of the nature of the accusation. People v. Meyer, 204 Mich. 331, [169 N.W. 889]. There being no new or different charge introduced by amendment, there is no occasion for a new examination or a rearraignment.

"No one could doubt that the information at bar intended to charge the offense which is stated in the statute as assault with intent to murder. The assault and intent were alleged to be contrary to the statute, and the charge bears no such similarity to other offenses as to permit confusion of crimes.

* * * "

Petitioner Burgess was not deprived of any Constitutionally protective rights by the Michigan courts' refusal to follow *Monick* even if erroneous. The United States Supreme Court has held that a state court's jurisdiction to try a person for a crime is not impaired by reason of the fact that illegal procedures are used to procure his presence. Thus, in Frisbie v. Collins, 342 U.S. 519, 72 S. Ct. 509, 96 L.Ed. 541 (1951) the court held that even if the accused were kidnapped in another state and illegally brought into Michigan, the Michigan court had power to try him regardless of how a person was procured. The United States Supreme Court said:

"This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, [7 S.Ct. 225, 30 L. Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. * * * "

Petitioner Burgess was fairly apprised of the charges against him by the Information. His petition does not allege anything with respect to the conduct of the trial itself. For the foregoing reasons the Petition for Writ of Habeas Corpus is Dismissed for failing to state a claim upon which relief can be granted.

Petitioner Burgess also has filed Motions for Bail; these Motions are also denied as being without merit.