PEOPLE v. DOCHSTADER.

1. INDICTMENT AND INFORMATION—MANSLAUGHTER BY ABORTION.
   Under count charging defendant "did kill one" person, she could not be convicted of manslaughter by abortion (Act No. 328, § 14, Pub. Acts 1931).

2. CRIMINAL LAW—ARRAIGNMENT—STANDING MUTE.
   Accused, by standing mute on arraignment, neither admits jurisdiction of trial court nor waives right to challenge information.

3. SAME—JUSTICE OF THE PEACE—PRELIMINARY EXAMINATION.
   In cases not triable before a justice of the peace, an accused is entitled to an examination, and evidence taken at that examination is the basis of the future action of the examining magistrate.

4. SAME — COMPLAINT — PRELIMINARY EXAMINATION — PROBABLE CAUSE.
   An examining magistrate is not bound by limitations of the written complaint and may examine not only the truth of charge in complaint and warrant but in regard to other matters connected with charge he deemed pertinent and if it appears to him on the examination of the whole matter, an offense not cognizable by a justice of the peace has been committed and there is probable cause for charging the defendant therewith, the examining magistrate shall forthwith bind defendant to appear before a court having jurisdiction of the case, for trial (3 Comp. Laws 1929, §§ 17196, 17205).

5. SAME—PRELIMINARY EXAMINATIONS—RECOGNIZANCES.
   Examinations and recognizances taken by any examining magistrate must be forthwith certified and returned by him to clerk of the court before which the accused is bound to appear (3 Comp. Laws 1929, § 17207).

6. INDICTMENT AND INFORMATION—FILING—PRELIMINARY EXAMINATION.
   An information by a prosecuting attorney must be filed against an accused during term in court having jurisdiction of the offense specified therein, after a proper return is filed by the examining magistrate and no such information may be filed against any person for any offense until such person shall have had or waived a preliminary examination therefor as provided by law (3 Comp. Laws 1929, §§ 17254, 17256).

7. SAME—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

Finding by examining magistrate that a crime had been committed and there was probable cause to believe defendant guilty thereof is a necessary prerequisite to filing of, and constitutes basis of right of prosecuting attorney to file, an information against defendant in circuit court (3 Comp. Laws 1929, §§ 17196, 17205, 17207, 17254, 17256).

8. SAME—MANSLAUGHTER BY ABORTION—COMPLAINT—WARRANT—PRELIMINARY EXAMINATION—RETURN—AMENDMENT.

Accused who was arrested and bound over to circuit court charged with abortion, informed against for manslaughter by abortion, stood mute in circuit court upon arraignment *held*, improperly convicted of manslaughter by abortion notwithstanding case had been remanded to examining magistrate for amendment of return, complaint and warrant, where no new information was filed nor rearraignment had (3 Comp. Laws 1929, §§ 17196, 17205, 17207, 17254, 17256).

Appeal from Jackson; Williams (Benjamin), J. Submitted October 17, 1935. (Docket No. 131, Calendar No. 38,431.) Decided January 6, 1936.

May Dochstader was convicted of manslaughter by abortion. Reversed, and new trial granted.

*Frank L. Blackman* and *Leo J. Conway,* for appellant.

*Harry S. Toy,* Attorney General, *Owen Dudley,* Prosecuting Attorney, and *Phillip C. Kelly,* Assistant Prosecuting Attorney, for the people.

POTTER, J. April 26, 1934, Howard Ellis made a complaint in writing before a justice of the peace in Jackson county against defendant, charging defendant did kill one Bernadine Ellis, and also charging defendant did wilfully administer to Bernadine Ellis medicine, drugs, substance or thing whatever, and did employ an instrument or other means, with intent to procure a miscarriage of such woman, contrary to the provisions of Act No. 328, § 14, Pub.

Acts 1931. On the same day, a warrant following in language this written complaint was issued and defendant arrested thereon. An examination was had, and the examining magistrate made a return to the circuit court of Jackson county certifying it was made to appear to him said offense had been committed as charged in the complaint and warrant and there was probable cause to believe defendant guilty thereof. Thereupon, defendant was bound over to the circuit court of Jackson county to answer to such information as might be filed against her for said offense.

The testimony on the examination does not appear in the record. Defendant was arraigned at the May, 1934, term of the circuit court on an information which followed the complaint and warrant as to the first charge, but which also charged defendant with wilfully administering to a pregnant woman, to-wit, one Bernadine Ellis, medicine, drugs, substance or thing whatever, and employing an instrument or other means, with intent thereby to produce a miscarriage of such woman, the same not being then and there necessary to preserve the life of such woman, the death of such pregnant woman, to-wit, Bernadine Ellis, being thereby produced, and so, in manner and form aforesaid, the said May Dochstader did then and there kill one Bernadine Ellis.

On arraignment, defendant stood mute and the statutory plea of not guilty was ordered entered.[*] Defendant moved to quash the information filed against her, on the ground that if the incompetent testimony taken at the examination was excluded, there was no proof that the crime of abortion, as defined by Act No. 328, § 14, Pub. Acts 1931, was committed; there was no proof of the *corpus delicti;*

* See 3 Comp. Laws 1929, § 17251.—Reporter.

if incompetent testimony taken at the examination was excluded, there was no proof to justify the examining magistrate in finding probable cause to believe the defendant committed the crime attempted to be charged; the return of the magistrate did not show that he found any crime known to the laws of Michigan had been committed by anyone; the return of the examining magistrate was not sufficient to confer jurisdiction on the circuit court to receive the information filed; defendant did not have an examination on a complaint and warrant charging the crime of abortion or any other offense; the complaint and warrant did not charge any offense; because of the failure of the complaint and warrant to charge any offense, the circuit court had no jurisdiction.

This motion was denied by the trial court, the case remanded to the examining magistrate, and the complaint, warrant and return of the magistrate changed so as to charge the offense substantially in the language of the information on which defendant had been arraigned. The basis of this action on the part of the trial judge seems to have been that, on the examination, the prosecuting attorney asked to have the complaint and warrant amended. The prosecuting attorney stated that "For the sake of saving time, I will not, unless Mr. Conway objects, wait to have the complaint and warrant amended, as stated to you, so we may proceed as though these amendments were made." Mr. Conway: "For the purpose of saving time, yes." The complaint and warrant were not amended and the return of the examining magistrate to the circuit court, after examination, followed the complaint and warrant as they were originally made. After the complaint, warrant and return had been amended by the ex-

amining magistrate, no new information was filed against defendant and defendant was not rearraigned upon the information already filed against her.

Defendant then made another motion to quash the information, alleging the complaint and warrant were improperly amended in that the following was typed into the complaint and warrant: "and did by means and methods hereinabove described then and there produce the death of one, Bernadine Ellis," which amendment was made without the consent of Howard Ellis, the signer of the complaint, and without having the complaint reverified by the person making it; the complaint and warrant were improperly amended so that a different and greater offense was charged than contained in the complaint signed by Howard Ellis upon which the warrant was issued, the complaint before amendment charging the crime of abortion, and, as amended, charging the crime of manslaughter; the first count of the complaint, warrant and information did not properly charge the crime of manslaughter by abortion, and did not charge any offense which it might be claimed was shown by the testimony taken by the examining magistrate, the said count charging manslaughter by force and violence only; and the return of the examining magistrate did not find the offense charged in the information and in the amended complaint and warrant was committed, and that there was probable cause to believe defendant guilty thereof. The grounds above stated for quashing the complaint, warrant and information were in addition to those contained in the motion to quash first filed.

This motion was overruled, defendant tried and convicted of manslaughter by abortion, and she brings the case here by appeal in the nature of a writ of error.

Defendant could not be convicted under the first count of the information. *People* v. *Olmstead,* 30 Mich. 431; *People* v. *Aikin,* 66 Mich. 460 (11 Am. St. Rep. 512).

The important question is whether defendant was properly convicted under the second count in the information. Defendant, by standing mute on arraignment, did not admit any authority or jurisdiction in the trial court or waive her right to challenge the information. *People* v. *Gregory,* 30 Mich. 371.

In cases not triable before a justice of the peace, the accused is entitled to an examination, and the evidence taken at that examination is the basis of the future action of the examining magistrate. *People* v. *Lynch,* 29 Mich. 274; *Turner* v. *People,* 33 Mich. 363.

The examining magistrate is not bound by the limitations of the written complaint. He may examine, not only into the truth of the charge in the complaint and warrant, but in regard to any other matters connected with such charge which he shall deem pertinent. 3 Comp. Laws 1929, § 17196.

If it appears to the magistrate, on the examination of the whole matter, an offense not cognizable by a justice of the peace has been committed and there is probable cause for charging the defendant therewith, he shall forthwith bind such defendant to appear before the circuit court, or any other court having jurisdiction of the case, for trial. 3 Comp. Laws 1929, § 17205.

All examinations and recognizances taken by any examining magistrate must be forthwith certified and returned by him to the clerk of the court before which the accused is bound to appear. 3 Comp. Laws 1929, § 17207.

Trial of this case in the circuit court was based upon an information. Such information must be

filed against defendant during term, in the court having jurisdiction of the offense specified therein, after a proper return is filed by the examining magistrate, by the prosecuting attorney. 3 Comp. Laws 1929, § 17254.

No information may be filed against any person for any offense until such person shall have had a preliminary examination therefor as provided by law, or shall have waived such examination. 3 Comp. Laws 1929, § 17256.

The finding by the examining magistrate that a crime had been committed and there was probable cause to believe defendant guilty thereof was a necessary prerequisite to the filing of an information. This binding conclusion and finding of the examining magistrate is a judicial determination, and constitutes the basis of the right of the prosecuting attorney to proceed in the circuit court by filing an information against defendant. Without such finding and determination by the examining magistrate, the prosecuting attorney is without jurisdiction to proceed in the circuit court by filing an information against defendant. *People* v. *Evans,* 72 Mich. 367.

Defendant was arrested, charged in the complaint with abortion. She was bound over to the circuit court, charged with abortion. She was informed against for manslaughter by abortion. At the time of the arraignment upon the information, the complaint, warrant and certificate and return of the examining magistrate binding defendant over to the circuit court charged abortion. She was informed against for an offense which was not charged in the complaint, warrant or certificate and return of the examining magistrate. She stood mute and waived no rights. Instead of quashing the informa-

tion filed against defendant upon her motion so to do and ordering a new return from the examining magistrate showing manslaughter by abortion, and a new arraignment, the trial court remanded the case to the examining magistrate to amend the return and the complaint and warrant made the basis of the examination so the return as amended charged the offense of manslaughter by abortion.

No new information was filed against defendant after such amended return to the circuit court by the examining magistrate. Defendant was not rearraigned after such amended return was filed in the circuit court. She made another motion to quash the information after such amended return was filed.

"The fact that the court compelled further return does not aid the right to proceed. The information was filed upon the return of the justice, as it then appeared. We are not called upon to determine whether a new information might have been filed after the justice's further return was filed in the circuit court. The court refused to quash the information then filed, and the case proceeded to trial thereunder. The circuit court having no jurisdiction at the time of filing the information, it follows that a conviction thereunder cannot be sustained." *People* v. *Evans, supra,* 387.

Conviction reversed. New trial granted.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.