PEOPLE v. MONICK.

1. CRIMINAL LAW—JURISDICTION OF CIRCUIT COURT—RETURN OF EXAMINING MAGISTRATE.

    The jurisdiction of the circuit court is limited to the crimes included within the return of the examining magistrate.

2. SAME—SAFE ROBBERY—INTENT—RETURN OF EXAMINING MAGISTRATE.

    Since intent to commit the crime of larceny, included in statute as part of offense of robbing a safe or attempt to do so, is a separate and distinct crime from that of intent merely to do the physical acts prohibited, inclusion of allegation of such intent in return of the examining magistrate is necessary in order to bind accused over for trial in circuit court under such statute (Act No. 328, § 531, Pub. Acts 1931).

3. SAME—SAFE ROBBERY—INTENT TO COMMIT LARCENY — JURISDIC-
   TION OF CIRCUIT COURT—AMENDMENT OF INFORMATION.
   Information charging defendant with attempt to break and de-
   stroy a safe containing valuables gave circuit court no juris-
   diction over crime of attempt, with intent to commit crime of
   larceny, to break and destroy a safe containing valuables since
   the two crimes are different, hence conviction of latter crime on
   information amended to include allegations of intent to com-
   mit crime of larceny after prosecution had rested was error
   (Act No. 328, § 531, Pub. Acts 1931).

4. SAME—JURISDICTION OF CIRCUIT COURT—WAIVER.
   Failure of defendant to request a continuance or re-examination
   and re-arraignment cannot be considered as a waiver of circuit
   court's lack of jurisdiction of crime alleged in information
   amended after prosecution had rested so as to charge crime
   different than that included in return of examining magistrate.

Appeal from Macomb; Spier (James E.), J. Sub-
mitted January 13, 1938. (Docket No. 114, Calendar
No. 39,722.) Decided February 24, 1938.

Herman Monick was convicted of the crime of safe
robbery. Reversed and defendant discharged.

*Frank A. Ruddy* and *Michael Fitzgerald,* for de-
fendant.

*Raymond W. Starr,* Attorney General, *Vincent L.
Fitzgerald,* Prosecuting Attorney, and *William H.
Nunneley,* Assistant Prosecuting Attorney, for the
people.

BUSHNELL, J. A written complaint was filed be-
fore a justice of the peace in Macomb county, alleg-
ing that Herman Monick, alias Joseph Caswell
"did attempt to break and destroy a safe, to-wit, a
depository of money and other valuables in a build-
ing of Charles Reindel on Main street in the village
of Fraser, contrary to the form of the statute in such
case made and provided."

The justice issued a warrant containing the identical language of the complaint. Monick was taken into custody, brought before the justice and an oral examination was had, the testimony not being reduced to writing. The justice held that the offense had been committed as charged and there was probable cause to suspect Monick of being guilty and he was held for trial in the circuit court. An information was then filed by the prosecuting attorney charging Monick with an "attempt to break and destroy a safe, to-wit, a depository of money or other valuables in a building of Charles Reindel on Main Street in the village of Fraser. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

At the trial in the circuit court before a jury, when the prosecution had rested, defendant moved the court to quash the information that he be discharged for the reason that it did not contain the language of the statute, namely, the words "intent to commit the crime of larceny," etc.

Section 531 of the Michigan penal code, same being Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115–531), reads as follows:

"Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear of any person for the purpose of stealing from any building, bank, safe or other depository of money, bonds or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy

any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the State prison for life or any term of years.''

The trial judge made the following observations:

'' 'Any person who, with the intent to commit the crime of larceny or any felony, shall attempt to break, burn, blow, otherwise injure, destroy a safe, vault, or other depository of money * * * any person who, with the intent to commit the crime of larceny or any other felony.' It is the charge that Mr. Caswell, with intent to commit the crime of larceny, did attempt to break and enter. It is not alleged he did it with the intent to commit a crime of larceny. I presume possibly your information might be held defective for the failure to allege a crime of larceny. I will assume that is rather a technical objection that could be remedied by the amending of the information to include, to read that Herman Monick, late of the village of Fraser, on the 1st day of August, 1936, in the village of Fraser and county of Macomb, aforesaid, with the intent to commit the crime of larceny, did attempt to destroy and break a safe.''

Defendant objected to any amendment; the court overruled the objection and permitted the prosecutor to amend the information by adding thereto the words, ''with the intent to commit the crime of larceny.'' The jury was then returned to the court room, a witness was sworn on behalf of defendant, examined and cross-examined, and both sides rested. The jury brought in a verdict of guilty.

Defendant was granted leave to appeal and raises several questions, among which are that the circuit court did not acquire any jurisdiction, because the complaint, warrant and return of the examining

magistrate did not charge any offense known to the law; that the court was in error in permitting the information to be amended after the prosecution had rested; and that, even after amendment, the information was still defective in that the subject-matter of the larceny was not properly alleged. He claims, even though assuming that a crime was alleged in the original information, the court erred in amending such information to state a new crime, thereby compelling the defendant to proceed to trial without new arraignment and plea, he having stood mute. Defendant further urges that he was twice placed in jeopardy when the jury proceeded to try him under an amended information which alleged a higher offense.

All of the foregoing may be disposed of by determining the question of the jurisdiction of the circuit court to try the defendant on the information as amended.

This court held in *People* v. *Dochstader,* 274 Mich. 238, that the jurisdiction of the circuit court is limited to the crimes included within the return of the examining magistrate. See, also, *People* v. *Evans,* 72 Mich. 367; *Turner* v. *People,* 33 Mich. 363; and *People* v. *Wright,* 89 Mich. 70. Even though we should assume that the return stated an offense, the crime for which defendant was convicted under the amended information was not set forth in the return of the examining magistrate, either expressly or by reference to the complaint and warrant. At least where, as here, the intent which is included in the statute as a part of the offense is separate and distinct from an intent merely to do the physical acts prohibited, such intent must be included in the return because it is an essential ingredient of the offense, *People* v. *Stewart,* 44 Mich. 484, and the allegation of such intent sets up a different offense

from that which is stated without such an allegation. The amendment of the information in the circuit court to include an allegation of the larcenous intent with which the act was committed charged a different crime than that which the examining justice included in his return, namely, attempt to break and destroy a safe. The circuit court, therefore, had no jurisdiction over the crime stated in the amended information. *People* v. *Dochstader, supra,* and *People* v. *Hudson,* 35 Cal. App. 234 (169 Pac. 719).

*People* v. *Sims,* 257 Mich. 478, relied on by appellee, is distinguishable. The record in that case discloses that the jurisdiction of the circuit court to try the charge as amended was not challenged; this court held that, so far as 3 Comp. Laws 1929, § 17290, governing amendments, is concerned, an amendment is permissible if the information as originally drawn sufficiently apprised defendant of the charge as amended.

The holding in *People* v. *Spence,* 250 Mich. 573, is also consistent with our present conclusion. The amendment which was approved in that case did not change the offense from that stated in the return of the examining magistrate. It only made more specific the offense originally charged in the broad language of the statute under which the defendant was prosecuted. See, also, *People* v. *Farrell,* 263 Mich. 669.

The fact that defendant did not request a continuance or re-examination and re-arraignment cannot be considered as a waiver of the circuit court's lack of jurisdiction. *People* v. *Dochstader, supra,* and *People* v. *Gregory,* 30 Mich. 371.

The judgment of conviction is reversed and defendant discharged.

Wiest, C. J., and Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.