PEOPLE *v.* BURD NO. 1.

OPINION OF THE COURT.

1. INDICTMENT AND INFORMATION—NOTICE OF CHARGES—CONSTITUTIONAL LAW.

Accused in criminal prosecution is entitled under State Constitution to be proceeded against under an information which with a fair degree of certainty specifies a particular charge made against him and fixes the scope of the prosecution (Const 1963, art 1, § 20).

2. SAME—AMENDMENT.

Granting of motion of people, on day of trial, to amend information to describe the felony of breaking and entering with intent to commit malicious destruction of property in excess of $100 was error where original complaint alleged breaking and entering with intent to commit larceny and return of magistrate found probable cause to believe defendant guilty of breaking and entering without further reference to intent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 69.
[2] 41 Am Jur 2d, Indictments and Informations §§ 171, 196.
[3] 41 Am Jur 2d, Indictments and Informations § 179.
[4] 41 Am Jur 2d, Indictments and Informations § 177.
[5] 41 Am Jur 2d, Indictments and Informations § 302.
[6] 41 Am Jur 2d, Indictments and Informations §§ 19, 20.
[7] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
[8] 13 Am Jur 2d, Burglary § 24 *et seq.*
[9] 41 Am Jur 2d, Indictments and Informations §§ 172, 174.
[10] 5 Am Jur 2d, Criminal Law §§ 778, 779.

3. SAME—DEFECT—ACTUAL KNOWLEDGE OF DEFENDANT.

Trial judge erred in allowing an amendment to the information on day of trial on grounds that he believed that defendant had gained knowledge of the true nature of the charge in preliminary proceedings, because only an information charging the crime with a fair degree of certainty satisfies constitutional requirement that accused be apprised of charges against him (Const 1963, art 1, § 20).

4. SAME—AMENDMENT—CHANGE IN CHARGES.

Statute permitting amendment to criminal information does not authorize the court to permit changing the offense charged or making new charges by way of amendment (CL 1948, § 767.76).

5. SAME—DEFECT—OBJECTION—JURISDICTION—WAIVER.

Objection by defense to amendment of information at trial was sufficient to challenge defect in information and lack of request for continuance or reexamination and rearraignment cannot constitute a waiver of court's lack of jurisdiction, which is limited to the crimes included within the return of the examining magistrate.

6. SAME—INFORMATION—PRELIMINARY EXAMINATION.

No information may be filed against any person for any offense until such person shall have had a preliminary examination on that offense as provided by law, or shall have waived examination.

DISSENTING OPINION.

QUINN, J.

7. CRIMINAL LAW—PRELIMINARY EXAMINATION—RETURN OF MAGISTRATE—JURISDICTION—CHARGES.

*Return of magistrate, while it confers jurisdiction on circuit court, does not control charge filed against defendant since prosecuting attorney may file an information on any charge disclosed by preliminary examination as long as it is based on the same transaction on which the preliminary examination was held.*

8. SAME—BREAKING AND ENTERING.

*The statutory offense of breaking and entering is the same whether the breaking and entering is with intent to commit larceny or some other felony (to be specified) (CL 1948, § 750.110, as amended by PA 1964, No 133).*

9. INDICTMENT AND INFORMATION—AMENDMENT—PREJUDICE.

*Amendments to criminal information to make it correspond with facts disclosed on preliminary examination should be allowed where there is no prejudice to a defendant who was reasonably apprised in preliminary proceedings of the nature of the charge.*

10. CRIMINAL LAW—APPEAL AND ERROR—HARMLESS ERROR.

*An appellate court should not reverse a conviction unless error shown was such as would work a miscarriage of justice (CL 1948, § 769.26; GCR 1963, 529.1).*

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 March 5, 1968, at Grand Rapids. (Docket No. 3,655.) Decided September 24, 1968.

Keith E. Burd was convicted of breaking and entering an occupied dwelling house with the intent to commit malicious destruction of property over the value of $100. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Dunn, Russell & Dunn,* for defendant on appeal.

McINTYRE, J. This case arises under an order granting an application for a delayed appeal.

On October 29, 1965, an information was filed charging the defendant herein with breaking and entering an occupied dwelling house with the intent to commit a larceny therein, contrary to Michigan Statutes Annotated § 28.305.* An order was entered appointing counsel for the defendant at the expense of the people. Counsel so appointed petitioned for

---

\* Properly CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

a preliminary examination, and the cause was remanded to the police court for the city of Grand Rapids for this purpose. The transcript of the examination is not complete concerning objections and discussions relating to a motion made by the assistant prosecuting attorney, Mr. Stevens.

"*Mr. Stevens:* Before the people proceed any further in this matter, the charge is breaking and entering. The complaint and warrant in this case were apparently drawn under the old statute, § 28-.305, and refer with intent to commit the crime of larceny therein. The people at this time move to amend the complaint and warrant. We would move to strike the word larceny as superfluous and amend the complaint and warrant to say simply with the intent to commit a felony, (discussion regarding motion).

"*The Court:* Let's proceed on the basis that there is no larceny charge."

This constitutes the entire record concerning the motion to amend the complaint and warrant, and any objections or discussion which may have taken place concerning that motion.

At the conclusion of the testimony the following took place:

"*Mr. Stevens:* The people move at this time that the respondent be bound over for trial, it having been proved that the occupied residence of George Plafkin was damaged to the extent of $600, already, with the repairs incomplete, and malicious destruction of property in excess of $100 is one felony. It has also been shown that the front door was broken in and the respondent was found within the premises. On that basis there is certainly probable cause to believe he was guilty of the damages found on the premises and I move he be bound over for trial. [*Arguments*]

*"The Court:* Gentlemen, I think I will bind this case over. I realize Mr. Dilley has a good argument that may prevail. It does seem that a crime was committed and at least probable cause to believe the respondent did commit the crime." [*Discussion as to bond—reduced to $1,000.*]

The magistrate filed his return on December 15, 1965, finding that the crime of "breaking and entering—occupied dwelling" had been committed and that there was probable cause to believe the respondent guilty of the commission of the offense, citing no statutory designation, and requiring the defendant to appear in the circuit court at Grand Rapids on December 17, 1965.

A complaint and warrant accompanied the return of the police court charging the defendant in the following words:

"Keith Burd did unlawfully, feloniously, and burglariously break and enter the occupied dwelling house building of George Plafkin, with the intent to commit the crime of larceny therein, contrary to the provisions of § 28.305, of Michigan Statutes Annotated, as amended, * * *"

Someone—and a careful examination of the calendar entries, the file, and the transcript, does not indicate the identity of that person—drew a pen line though the words "commit the crime of larceny" and inserted over that phrase, the word "a felony". This alteration was made both in the complaint and in the warrant. In the course of the preliminary examination, in justification of a question made to a police officer over objection by the assistant prosecutor, the attorney for the defendant stated:

"Your Honor, the point of this questioning is to determine, first of all, the matter of the intention to commit a larceny therein."

Whereupon the Court said:

"Go ahead on that basis because I would like to know what this situation is."

On December 20, 1965, the defendant was brought before the circuit court, accompanied by his counsel. After some preliminary remarks, the court asked that the information be read, whereupon the deputy prosecutor read as follows:

"It is charged that: on the 26th day of October, 1965, at the city of Grand Rapids, county of Kent, Keith Burd did unlawfully, feloniously and burglariously break and enter the occupied dwelling-house building of George Plafkin, with the intent to commit the crime of larceny therein, contrary to the provisions of § 28.305, Stat Ann, as amended."

The respondent stood mute, and a plea of not guilty was entered on his behalf. Trial was set before the jury on March 14, 1966. On March 11, 1966, 3 days before the commencement of the trial, the office of the prosecuting attorney filed a written motion to amend the information, striking the word "larceny", and adding "with intent to commit a felony". That motion was noticed for hearing on Monday, March 14, 1966, which was the day for the commencement of trial. Filed with this motion on March 14, 1966, was a document entitled, "amended proceedings by information", the pertinent part of which reads as follows:

"James K. Miller, prosecuting attorney for the county of Kent, aforesaid, for and in behalf of the people of the State of Michigan, comes into court, in January term thereof, A. D. 1966, and gives it here to understand and be informed, that on the 26th day of October, 1965, at the city of Grand Rapids, county of Kent, Keith Burd, did unlawfully, feloniously and burglariously break and enter the

occupied dwelling house building of George Plafkin, with the intent to commit a felony therein, to-wit: Malicious destruction of property, over $100, contrary to the provisions of § 28.305, of Michigan Statutes Annotated, as amended,  *  *  *  and against the peace and dignity of the people of the State of Michigan."

The trial transcript commencing on March 14, 1966, indicates that upon the opening of court, and in the absence of the jury, an assistant prosecutor moved to amend the information "to conform to the motion made by the prosecuting attorney at the preliminary examination of this charge" and asking the court to allow the filing of the amended information at that time. The attorney for the defendant stated that he had received a copy of the proposed amended information "the other day", and he objected to the amending of the information on the basis that the preliminary examination was conducted "on the original idea that the prosecution was going to prove the intention of committing a larceny in the premises." The trial court then referred to the transcript of the preliminary examination and made the following statement:

"All right. At that time the prosecutor Mr. Stevens, said: 'we would move to strike the word larceny as superfluous and amend the complaint and warrant to say simply, with the intent to commit a felony.' I think under the circumstances that Mr. Burd has been apprised of the claims here involved and I am sure that there is no dispute as to which incident is involved. It isn't that we are dealing with several contemporaneous incidents. They are all the same date. I will deny your objections and grant the motion to amend and I will ask that Mr. Burd be arraigned on the amended information at this time."

Attorney for the defendant pointed out to the trial judge that the transcript was incomplete since the discussion regarding the motion and the comments made on the matter were not set forth in the transcript. The trial court then said:

"All right. I don't like any more than you do the fact that we don't have a full and complete transcript of each and every incident that takes place in the lower court. I am aware too that that has been quite customary and frequently the court even suggests we go off the record on this particular matter or something like that. The purpose of the preliminary examination is purely and simply to apprise the respondent of the basis upon which the complaint and warrant are issued and to determine whether there is probable cause a crime was committed and probable cause that he committed the crime. If he has had an opportunity to hear the evidence, it seems to me the matter of the granting of the motion to amend is a matter of discretion with the lower court in the granting of that motion at that time and I think I would not find abuse of discretion. Accordingly, I feel the objections will be denied. I think he should be arraigned."

Attorney for the defendant thereupon waived the reading of the amended information and indicated the respondent would stand mute. The court entered a plea of not guilty on his behalf. The jury was then called in, the case was tried, and the defendant found guilty as charged.

The sole issue before the court upon appeal is whether the trial court had jurisdiction over a crime charged in the amended information. The defendant contends that jurisdiction was lacking because the crime charged in the amended information was not the one for which he was bound over by the examining magistrate. This court must answer that the contention of the defendant is correct.

It must be noted that in all matters and to all charges preferred against the defendant in the confused proceedings prior to trial, the defendant stood mute and therefore waived none of the error which may have accumulated in the preliminary proceedings, and neither admitted the jurisdiction of the trial court nor did he waive the right to challenge the information. *People* v. *Dochstader* (1936), 274 Mich 238.

Article I, § 20, of the Constitution of 1963 provides an accused certain rights in criminal prosecutions, among which is the right to be informed of the nature of the accusation. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution. *People* v. *Brown* (1941), 299 Mich 1.

Keith E. Burd stood before the trial court on March 14, 1966, ready for trial on an information charging him with breaking and entering an occupied dwelling house with intent to commit the crime of larceny therein, the charge read into the record when he was arraigned on December 20, 1965. A careful review of the record indicates that the information was based upon a complaint and warrant, amended by a pen and ink interlineation, charging that he did break and enter an occupied dwelling house with intent to commit a felony therein, and a certified return of the magistrate finding the probable cause to believe that the defendant was guilty of an offense described as breaking and entering an occupied dwelling without further reference either to intent or statutory designation. The motion of the people on the day of the trial to amend the information to describe a felony which the movant believed that he could prove came too late, particularly in view of the timely objection made by

defense counsel. The granting of this motion by the trial court was error.

It is clear upon a meticulous chronological review of the entire record that the motion was granted because the trial court believed that the defendant and his counsel knew the true nature of the charge as it existed in the mind of the prosecuting authority, for the court said, "I think under the circumstances that Mr. Burd has been apprised of the claims here involved." This is not enough to satisfy the constitutional requirement. In quashing a faulty information, the Michigan Supreme Court said in *People* v. *Brown, supra* (p 4):

"It will not do to say, as possibly might be said in the instant case, that the accused clearly knew what offense he was charged with having committed. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution."

It may be argued that the proceedings of the trial court were not had upon a motion to quash the information, but rather on a motion to amend the information to state an offense not spelled out in its entirety in the return of the examining magistrate. It is acknowledged that such a motion is permitted under the provisions of CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016). But this statute does not authorize the court to permit the changing of the offense nor the making of new charges by way of amendment. *People* v. *Sims* (1932) 257 Mich 478, 481. An information charging one with breaking and entering with the intent to commit a larceny is totally different from one charging breaking and entering with the intent to commit an undescribed felony, and an information without further defining the felony, is fatally defective. *People* v. *Wester-*

*berg* (1936), 274 Mich 647. The objection to the amendment made on behalf of the defendant in the trial court was sufficient; the fact that defendant did not request a continuance or reexamination and rearraignment cannot be considered as a waiver of the circuit court's lack of jurisdiction. *People* v. *Monick* (1938), 283 Mich 195, 200. This is so because the jurisdiction of the circuit court is limited to the crimes included *within the return of the examining magistrate.* As the Court said in *People* v. *Monick, supra* (p 199):

"Even though we should assume that the return stated an offense, the crime for which the defendant was convicted under the amended information was not set forth in the return of the examining magistrate, either expressly or by reference to the complaint and warrant. At least where, as here, the intent which is included in the statute as a part of the offense is separate and distinct from an intent merely to do the physical acts prohibited, such intent must be included in the return because it is an essential ingredient of the offense, *People* v. *Stewart,* 44 Mich 484, and the allegation of such intent sets up a different offense from that which is stated without such an allegation. The amendment of the information in the circuit court to include an allegation of the larcenous intent with which the act was committed charged a different crime than that which examining justice included in his return, namely, attempt to break and destroy a safe. The circuit court, therefore, had no jurisdiction over the crime stated in the amended information. *People* v. *Dochstader, supra,* and *People* v. *Hudson,* 35 Cal App 234 (169 Pac 719)."

No information may be filed against any person for any offense until such person shall have had a preliminary examination therefor as provided by law, or shall have waived such examination. *People*

v. *Dochstader, supra.* The defendant here did not have an examination on a formal charge of breaking and entering an occupied dwelling house with the intent to commit malicious destruction of property valued in excess of $100, as charged in the amended information, nor did he intelligently waive such examination.

Reversed.

HOLBROOK, P. J., concurred with MCINTYRE, J.

QUINN, J. (*dissenting*). I cannot agree with the majority opinion.

The transcript of the preliminary examination discloses that the crime of breaking and entering with intent to commit malicious destruction of property over the value of $100[1] was established and that there was probable cause to believe defendant committed the crime. The fact that the complaint and warrant charged breaking and entering with intent to commit larceny is irrelevant in view of CL 1948, §§ 766.4 and 766.13 (Stat Ann 1954 Rev §§ 28.922 and 28.931). The former provides,

"* * * shall examine * * * in regard to the offense charged and *in regard to any other matters connected with such charge which such magistrate may deem pertinent.*" (Emphasis added.)

The latter provides,

"If it shall appear to the magistrate upon the examination of the whole matter, that an offense not cognizable by a justice of the peace has been committed and there is probable cause for charging the defendant therewith, said magistrate shall forthwith bind such defendant to appear before the cir-

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

cuit court of such county or any court having juris-
diction of said cause, for trial."

The return of the magistrate confers jurisdiction
on the circuit court, *People* v. *Funk* (1948), 321
Mich 617, but it does not control the charge filed
against a defendant in that court, since the prose-
cuting attorney may file an information on any
charge disclosed by the preliminary examination,
*People* v. *Karste* (1903), 132 Mich 455, so long as
it is based on the same transaction upon which the
examination was held, *People* v. *Annis* (1865), 13
Mich 511. If the information filed on this return
had charged breaking and entering with intent to
commit malicious destruction of property over $100,
it would have been good. The fact that the infor-
mation charged breaking and entering with intent
to commit larceny does not change the result in view
of the amendment allowed by the trial judge before
trial.

The offense under the statute is the same whether
the breaking and entering is with intent to commit
a larceny or other felony (to be specified). The
provisions of CL 1948, § 767.76 (Stat Ann 1954 Rev
§ 28.1016) authorized the amendment allowed since
I do not believe the rights of defendant were preju-
diced thereby, *People* v. *Watson* (1943), 307 Mich
596. Defendant and his counsel were present at
and participated in the preliminary examination
which disclosed the offense charged in the amended
information.

If CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096)
and GCR 1963, 529.1 are to control grant or denial
of appellate relief, as outlined in *People* v. *Winegar*
(1968), 380 Mich 719, 730, this case must be affirmed
and I so vote.