PEOPLE v GRAVES

1. APPEAL AND ERROR—CRIMINAL LAW—PROSECUTORS—APPEALS AS OF
   RIGHT—MOTIONS—QUASHING INFORMATION.

   A prosecutor is not entitled to appeal as of right from a trial
   court's grant of a motion to quash an information; he may,
   however, be allowed to appeal by leave granted.

2. CRIMINAL LAW—MAGISTRATES' DETERMINATIONS—TRIAL JUDGES—
   SUBSTITUTION OF JUDGMENT—PROBABLE CAUSE.

   A trial judge reviewing a magistrate's determination of probable
   cause to bind a defendant over for trial may not substitute his
   judgment for that of the examining magistrate; the magis-
   trate's determination must be affirmed where there was some
   evidence presented to establish probable cause and where the
   magistrate has not been shown to have abused his discretion.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted June 22, 1977, at
Detroit. (Docket No. 31082.) Decided October 11,
1977.

Leonard Graves was charged with breaking and
entering with intent to commit larceny and bound
over for trial. Defendant moved to quash the infor-
mation. Motion granted. The people appeal by
leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training & Appeals, and *Timothy A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 268.
[2] 21 Am Jur 2d, Criminal Law §§ 450, 451.

*Baughman,* Assistant Prosecuting Attorney, for the people.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

BEASLEY, P. J. After preliminary examination before a recorder's court judge acting as an examining magistrate, defendant was bound over for trial on the crime charged, namely, breaking and entering with intent to commit larceny.

Before a trial judge in recorder's court, defendant sought review of the magistrate's ruling by moving to quash the information. The motion specifically stated that it was challenging the action of the magistrate in binding defendant over for trial and it, therefore, requested that the review of the magistrate's action should be based exclusively on the transcript of the preliminary examination. The motion was granted on the ground that there was no evidence to support an inference that this defendant "participated in or had anything to do with the claimed breaking and entering".

The prosecutor seeks further review of the magistrate's ruling by claiming an appeal as of right from the ruling. We disagree that the prosecutor is entitled to appeal as of right.[1] However, we will treat the matter as being heard on leave granted.

The issue is, whether the magistrate abused his discretion in binding defendant over for trial.[2] Unless he did, the motion to quash should have been denied.

The magistrate had before him two issues con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *See, People v McCoy,* 75 Mich App 164; 254 NW2d 829 (1977), and cases cited therein.

[2] *People v Asta,* 337 Mich 590; 60 NW2d 472 (1953).

cerning which he was obligated to exercise his discretion and to decide.[3] First, was the crime of breaking and entering with intent to commit larceny committed? The proofs were undisputed that the complainant locked his garage at night and then found it broken into with his bicycle missing. There was no error in finding the crime charged had been committed. Second, was there probable cause to believe defendant was guilty of breaking and entering with intent to commit larceny? Probable cause does *not* mean proof beyond a reasonable doubt. Neither does it mean evidence to support a guilty verdict nor even enough evidence to defeat a motion for directed verdict at the conclusion of the prosecution's case. There need only be some evidence to satisfy the magistrate that there is probable cause to believe the defendant committed the crime. It was not the province of the trial judge acting in an appellate capacity to substitute his judgment for that of the examining magistrate with respect to the binding-over.

We have carefully reviewed the transcript and do not find any abuse of discretion by the magistrate. The evidence indicates that, while responding to a report of a breaking and entering of a garage in progress, the police officers arrived at the address in less than 60 seconds and saw defendant and his codefendant pushing a mini-bike down the center of the residential street at 3:30 in the morning. As the police officers approached them, they moved from the center of the street onto a grassy section between the street and the curb, leaned the mini-bike against a tree and then walked away. When the police stopped the suspects, defendants did not deny possession of the bicycle, but claimed that it belonged to an unidentified friend. In fact, the bike belonged to the

---

[3] MCLA 766.13; MSA 28.931.

complainant and had been taken from his garage, which was only a short distance away.

From this evidence, the magistrate could infer that there was probable cause to believe defendants had broken and entered the complainant's garage with intent to commit larceny. Whether it will result in a guilty verdict after trial is another question. There was no abuse of discretion in binding defendant over for trial.

The granting of the motion to quash is reversed and this cause is remanded for trial on the merits.