PEOPLE v WILLIAMS

Docket No. 67830. Decided March 2, 1982. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded for consideration of other questions.

J. D. Williams was tried in the Recorder's Court of Detroit, Dalton A. Roberson, J., for first-degree murder and possession of a firearm in the commission of a felony. After the trial court directed a verdict of acquittal for a codefendant, Williams requested an instruction to the jury that he could be convicted of being an accessory after the fact. The trial court so instructed the jury, and Williams was convicted of being an accessory after the fact and of felony-firearm. The Court of Appeals, Maher, P.J., and M. J. Kelly and R. B. Burns, JJ., reversed and remanded in an unpublished per curiam opinion on the ground that Williams was not charged in the information as an accessory after the fact (Docket No. 52726). The people appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The defendant's action in prevailing upon the trial court to instruct the jury on the charge of accessory after the fact was the equivalent of a motion to amend the information. The defendant will not be heard to complain that the jury convicted him of a crime that his attorney argued should be an option for conviction and urged upon the jury as the only crime of which the defendant might be guilty. Since the defendant urged the extension of this option to the jury, he cannot argue that amendment was unfair because of lack of notice.

Reversed and remanded to the Court of Appeals for consideration of other issues not addressed by it.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka* for defendant.

PER CURIAM. The question presented in this case is whether a defendant who requests that the jury be instructed that it might convict him of a certain crime is entitled, after conviction of that crime, to a reversal on the basis that the crime was not charged in the information. We conclude in this case that the defendant's request for an instruction was the functional equivalent of a motion to amend the information which was granted by virtue of the court's instruction to the jury.

I

The defendant and a codefendant were charged with first-degree murder contrary to MCL 750.316; MSA 28.548 and with possession of a firearm in the commission of a felony contrary to MCL 750.227b; MSA 28.424(2). The trial court granted the codefendant's motion for a directed verdict of acquittal. At this point counsel for the defendant requested that the court instruct the jury that it could convict the defendant of being an accessory after the fact. Counsel stated:

"I can still ask for an accessory after the fact because in the indictment it charges two of them with the commission of this crime. The complaint and warrant charges two people.
"I have a right to go along and base my case, base my premise that my client was nothing more than an accessory after the fact."

The prosecutor did not object to the giving of an accessory-after-the-fact instruction and the trial court did so instruct. The jury convicted the defendant of being an accessory after the fact and of

possession of a firearm in the commission of a felony.

The defendant appealed to the Court of Appeals. In an unpublished per curiam opinion the Court of Appeals reversed, stating:

"The distinction between principals and accessories has been abrogated by statute, MCL 767.39; MSA 28.979. However, the distinction between a principal and an accessory after the fact remains. Accessory after the fact is a separate and distinct offense not included in the original charge. Thus, the offense must be charged in a separate count. *People v Bargy,* 71 Mich App 609; 248 NW2d 636 (1976).

"The prosecution did not charge the defendant as an accessory after the fact, and the trial judge should not have instructed the jury on that charge."

The prosecutor has applied for leave to appeal.

## II

As noted earlier in this opinion it was the defendant, through his attorney, who successfully argued to the trial court that the question of his possible guilt of being an accessory after the fact should be submitted to the jury. Indeed, in his closing argument to the jury, defense counsel stressed that if the defendant was guilty of any crime, it was of being an accessory after the fact.

MCL 767.76; MSA 28.1016 provides:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to

the commencement of the trial or at such time thereafter as the court shall in its discretion permit. The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no writ of error or other appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

We regard the defendant's action in prevailing upon the trial court to instruct the jury on the charge of accessory after the fact to have been the equivalent of a motion to amend the information pursuant to the above-quoted statute. The prosecutor voiced no objection and the trial court agreed to so instruct the jury, thus effectively amending the information. The defendant will not be heard to complain of the fact that the jury ultimately convicted him of a crime which his attorney argued should be an option for conviction by the jury and which defense counsel urged upon

the jury as the only possible crime of which the defendant might be guilty. Since it was the defendant himself who was urging the extension of this option to the jury, he certainly cannot argue that an amendment of the information in this respect was unfair because of a lack of notice.

The defendant raised other issues in the Court of Appeals which were not addressed by that Court in light of its disposition of the issue we have addressed here. Accordingly, upon remand to the Court of Appeals, the Court shall address those issues.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and we remand the case to the Court of Appeals for resolution of the other issues raised by the defendant. We do not retain jurisdiction.

Coleman, C.J., and Kavanagh, Williams, Levin, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.