PEOPLE v PRICE

Docket No. 59658. Submitted January 20, 1983, at Detroit.—Decided
June 22, 1983. Leave to appeal denied, 417 Mich 1100.40.

Following a preliminary examination in the Recorder's Court of
Detroit on a charge of breaking and entering a business place
with the intent to commit larceny therein the magistrate,
Clarice Jobes, bound defendant, Stanley S. Price, over for trial
on that charge. At the close of defendant's trial in the Record-
er's Court of Detroit, the court, Vera Massey Jones, J., dis-
cussed with counsel the instructions to be given to the jury.
During such discussion, defense counsel stated: "The prosecutor
asked for a count of receiving and concealing stolen property".
The court then gave instructions which included such an
offense. Defendant was thereafter convicted by the jury of
receiving and concealing stolen property over $100. Defendant
appeals alleging several errors. *Held:*

1. The request for a "count" of receiving and concealing
stolen property was construed by the Court of Appeals to be a
motion to amend the information to add that offense and to be
a request made by the prosecutor even though it came out of
the mouth of defense counsel.

2. When the trial court gave the requested instruction it
effectively amended the information.

3. The amendment of the imformation was defective, first,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 183.
Power of court to make or permit amendment of indictment. 17
ALR3d 1155.

[3] 41 Am Jur 2d, Indictments and Informations §§ 19, 20.

[4, 5, 8] 21 Am Jur 2d, Criminal Law §§ 412, 413, 424.

[5] 21 Am Jur 2d, Criminal Law § 351.
Right to waive indictment, information, or other formal accusation.
56 ALR2d 837.

[6] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
41 Am Jur 2d, Indictments and Informations § 278.

[7] 4 Am Jur 2d, Appeal and Error § 87.
21 Am Jur 2d, Criminal Law § 351.

[8] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[9] 21 Am Jur 2d, Criminal Law § 412.

because the trial court exceeded its statutory authority to amend an information by adding the new offense and, second, because the defendant was not given a preliminary examination on the added offense and, consequently, the trial court had no jurisdiction over that offense.

4. Defendant is entitled to a reversal, despite defense counsel's failure to object to the erroneous amendment of the information. Such amendment and the lack of notice to the defendant denied the defendant his right to due process of law. In addition, a jurisdictional defect such as the one present in this case may be raised at any time.

5. It cannot be said that, due to the fact that 30 minutes had elapsed after the breaking and entering when one of the arresting officers saw the defendant behind some bushes near the burglarized store with several television sets belonging to the store, the magistrate abused her discretion in binding the defendant over for trial on the breaking and entering charge.

Reversed.

1. INDICTMENT AND INFORMATION — AMENDMENT OF INFORMATIONS.

A prosecutor's action in prevailing upon a trial court to instruct the jury on a "count" of receiving and concealing stolen property may be construed as a motion to amend the information to add that offense where the information charged the defendant with breaking and entering a business place with the intent to commit larceny therein and the defendant was bound over on that charge; where the court thereafter gives such a requested instruction it effectively amends the information.

2. INDICTMENT AND INFORMATION — AMENDMENT OF INFORMATIONS — NEW OFFENSES — DUE PROCESS.

The statute which authorizes a trial court to amend the information does not permit an amendment for the purpose of adding a new offense; the statute, grounded in an accused's right to due process of law, permits only the cure of defects in the statement of an offense which is already sufficiently charged to fairly apprise the accused and court of its nature (MCL 767.76; MSA 28.1016).

3. INDICTMENT AND INFORMATION — AMENDMENT OF INFORMATIONS — NEW OFFENSES — PRELIMINARY EXAMINATIONS.

An amendment to an information which charges a different offense may violate the defendant's statutory right to receive a preliminary examination on the added offense (MCL 767.42[1]; MSA 28.982[1]).

4. CRIMINAL LAW — PRELIMINARY EXAMINATIONS.

The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime has been committed and that the defendant committed it.

5. CRIMINAL LAW — JURISDICTION — PRELIMINARY EXAMINATIONS.

The jurisdiction of a trial court is limited to the crimes included within the return of the examining magistrate; a trial court has no jurisdiction over a new offense added to an information on the request of the prosecutor where the defendant is not given a preliminary examination on the added offense and has not waived his statutory right to such an examination (MCL 767.42[1]; MSA 28.982[1]).

6. INDICTMENT AND INFORMATION — APPEAL.

A defect in an information ordinarily cannot be raised for the first time on appeal (MCL 767.76; MSA 28.1016).

7. CRIMINAL LAW — JURISDICTIONAL DEFECTS.

A jurisdictional defect in criminal proceedings may be raised at any time.

8. TRIAL — APPEAL — PRESERVING QUESTION — PRELIMINARY EXAMINATIONS — EVIDENCE.

A defendant preserves an issue for appellate review regarding the sufficiency of the evidence presented at the preliminary examination where the defendant raises such issue in a motion to quash the information.

9. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — EVIDENCE — LAPSE OF TIME.

A magistrate did not abuse his discretion in binding the defendant over for trial on a charge of breaking and entering a business place with the intent to commit larceny therein where the defendant was found near a store with the property of the store 30 minutes after a breaking and entering of the store.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for defendant on appeal.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

Per Curiam. Defendant was convicted by a jury of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803, and was sentenced to from two to five years imprisonment. Appealing as of right, defendant raises three issues, one of which requires reversal.

Defendant argues that the trial court improperly granted the prosecutor's motion to amend the information. The information charged the defendant with breaking and entering a business place with the intent to commit larceny therein, MCL 750.110; MSA 28.305, and he was bound over on that charge after a preliminary examination. At the close of the trial, the court discussed with counsel the instructions to be given to the jury. During the discussion, defense counsel stated: "The prosecutor asked for a count of receiving and concealing stolen property". We view this as a request made by the prosecutor even though it came out of the mouth of defense counsel. Moreover, we construe the request for a "count" of receiving and concealing stolen property as a motion to amend the information to add that offense. When the court gave the requested instruction it effectively amended the information. The Supreme Court reached similar conclusions in *People v Williams*, 412 Mich 711; 316 NW2d 717 (1982). In that case, the defendant and a codefendant were charged with first-degree murder, MCL 750.316; MSA 28.548, and felony-firearm, MCL 750.227b; MSA 28.424(2). After the trial court granted the codefendant's motion for a directed verdict of acquittal, defense counsel requested that the court instruct the jury that it could convict the defendant of being an accessory after the fact. The trial

court gave the instruction. The Supreme Court said:

"We regard the defendant's action in prevailing upon the trial court to instruct the jury on the charge of accessory after the fact to have been the equivalent of a motion to amend the information * * *. [T]he trial court agreed to so instruct the jury, thus effectively amending the information." 412 Mich 714.

Consequently, the issue we must decide is whether the trial court properly granted the prosecutor's motion to amend the information to include an additional count of receiving and concealing stolen property.

MCL 767.76; MSA 28.1016 authorizes the trial court to amend the information. It provides in pertinent part:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury."

It is well settled that the statute does not permit an amendment for the purpose of adding a new offense. *People v Sims,* 257 Mich 478, 481; 241 NW 247 (1932); *People v Burd No 1,* 13 Mich App 307, 316; 164 NW2d 392 (1968). Instead, the statute

"permits only cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and court of its nature". *People v Sims, supra,* p 481. As such, the statute is grounded in an accused's right to due process of law.

Our appellate courts have not hesitated to reverse convictions based on an information amended to include a different offense. In *People v Burd No 1, supra,* the defendant was originally charged with breaking and entering with the intent to commit a larceny. Prior to trial, the trial court granted the prosecution's motion to charge, instead, breaking and entering with the intent to commit "a felony". This Court reversed, noting that these two crimes are "totally different". 13 Mich App 316. In *People v Gibbons,* 260 Mich 96; 244 NW 244 (1932), the information charged the defendant with attempted rape, but was amended at trial to charge assault with intent to commit rape. Because these crimes are different and the latter punished more severely, the Supreme Court reversed the defendant's conviction. Although not decided under the above statute or any of its predecessors, the Court in *People v Handley,* 93 Mich 46; 52 NW 1032 (1892), reversed the defendant's conviction for reasons similar to those relied upon in *Burd, supra,* and *Gibbons, supra.* The defendant was charged with burning the "dwelling-house" of William Anderson. After the people rested, the defendant moved for a directed verdict of acquittal because it had not been shown that Anderson ever lived in the house. The prosecutor countered by moving to amend the information to charge the burning of a "vacant" dwelling-house. The court permitted the amendment and the defendant was convicted. On appeal, the Supreme

Court found that the amended information charged a different offense and reversed.

An amendment to an information which charges a different offense may also violate the defendant's statutory right to receive a preliminary examination. MCL 767.42(1); MSA 28.982(1) provides in pertinent part:

"An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination."

The purpose of the preliminary examination is to determine whether there is probable cause to believe that a crime has been committed and that the defendant committed it. *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629 (1972).

The Supreme Court has held that "the jurisdiction of the circuit court is limited to the crimes included within the return of the examining magistrate". *People v Monick,* 283 Mich 195, 199; 277 NW 883 (1938). In *Monick, supra,* the information charged that the defendant "did attempt to break and destroy a safe * * *". After the people had rested, the information was amended to add the words: "with the intent to commit the crime of larceny". On review, the Supreme Court concluded:

"The amendment of the information in the circuit court to include an allegation of the larcenous intent with which the act was committed charged a different crime than that which the examining justice included in his return, namely, attempt to break and destroy a safe. The circuit court, therefore, had no jurisdiction over the crime stated in the amended information." 283 Mich 200.

The Court reversed the defendant's conviction. In *People v Hicks,* 22 Mich App 446; 178 NW2d 193 (1970), the information charging the defendant with knowingly possessing a stolen motor vehicle was amended to add a count of unlawfully driving away a motor vehicle. This Court, as well as the people, agreed with the defendant's allegation that "the trial court committed reversible error by allowing the amendment to the information which added the second count, thereby depriving defendant of his right of examination on the second charge". 22 Mich App 448. See, also, *People v Burd No 1, supra,* pp 317-318.

In the present case, the amendment is defective under both of the above theories. First, the amendment added a new offense to the information. Breaking and entering a business place with the intent to commit larceny and receiving and concealing stolen property are prohibited by different statutes and the crimes have different elements. See *People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977). By adding a new offense to the information the trial court exceeded its authority to amend an information under MCL 767.76; MSA 28.1016. We note that this case is distinguishable from *People v Williams, supra.* In *Williams,* the Court upheld the defendant's conviction even though the amended information charged a different offense. The dispositive fact was that the defendant, rather than the people, moved to amend. In the present case, the prosecutor moved to amend the information. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), is also distinguishable. That case held that a thief could not be convicted of receiving and concealing property he has stolen. The Court noted, however, that where a defendant charged only with receiving and con-

cealing stolen property admits on the witness stand that he was the thief "the prosecutor may ask the court's permission to amend the information to include a count of larceny". 402 Mich 149, fn 15. (Citation omitted.) In the instant case, however, the defendant never took the stand and maintained his innocence throughout the trial. Thus, we conclude that MCL 767.76; MSA 28.1016 did not authorize the court to amend the information.

Second, the defendant was not given a preliminary examination on the added offense. Consequently, the trial court had no jurisdiction over that offense.

The trial court erred by amending the information. The defendant, however, did not object to the amendment and, ordinarily, a defect in an information cannot be raised for the first time on appeal, see MCL 767.76; MSA 28.1016. Nevertheless, the amendment seriously prejudiced defendant's right to due process. If the information had been amended before trial, the defendant may have been able to prepare a defense to the added offense. But it was amended at trial after both parties had rested. Defendant was thus left to rely on a defense to receiving and concealing stolen property that had been designed to counter only the breaking and entering charge. This lack of notice denied the defendant his right to due process of law. In addition, a jurisdictional defect such as the one present in this case may be raised at any time. *People v Cherry*, 27 Mich App 672, 675; 183 NW2d 857 (1970). For the above reasons, the defendant is entitled to a reversal.

Defendant's second claim of error is that there was insufficient evidence presented at the preliminary examination to bind him over on the break-

ing and entering charge. Because the defendant raised this issue in a motion to quash the information, it is preserved for appellate review. See *People v Childrey,* 65 Mich App 276, 277-278; 237 NW2d 288 (1975), *lv den* 397 Mich 829 (1976). At the preliminary examination, one of the arresting officers testified that he spotted defendant behind some bushes near the burglarized store with several television sets that were later determined to be the property of the store. The officer saw defendant about 30 minutes after the break-in. In *People v McDonald,* 163 Mich 552; 128 NW 737 (1910), the Court held that possession of stolen property is not prima facie proof of burglary. However, where the evidence shows, in addition to such possession, the defendant's physical and temporal proximity to the site and time of the crime a prima facie case may be established. In *People v Graves,* 79 Mich App 103; 261 NW2d 226 (1977), the defendant was bound over for trial on breaking and entering with the intent to commit larceny. The evidence showed that the police, while responding to a report of a breaking and entering of a garage in progress, saw the defendant pushing the complainant's minibike down the street. The police had arrived within 60 seconds after receiving the report. The court found no abuse of discretion in the magistrate's decision to bind over. In the present case, the officer saw the defendant close to the store about 30 minutes after the occurrence of the breaking and entering. Although the probability of a defendant's involvement in a crime decreases as the time between the occurrence of the crime and the discovery of the defendant increases, we cannot say that, due to the 30-minute lapse, the magistrate abused her discretion in binding defendant over for trial on breaking and entering with intent to commit larceny.

Finally, defendant alleges that his trial counsel's failure to object to the prosecutor's motion to amend the information to include a count for receiving and concealing stolen property denied him effective assistance of counsel. In light of our disposition of this case, we need not address this issue.

The defendant's conviction is reversed and the defendant is discharged.

Reversed.